9814

GREEN v. REMBERT *ET AL.*
REMBERT v. REMBERT.

(93 S. E. 769.)

1. EQUITY—JUDGMENT—ACTION UPON.—An action may be brought upon a judgment or a decree in equity, whether it be by consent or not, even though no such action can, under Code Civ. Proc. 1912, sec. 116, be brought without leave of Court.

2. EQUITY — DECREE — PETITION FOR ENFORCEMENT. — Petitioner and defendant, her former husband, entered into a consent decree, providing that defendant should have the use and possession of premises in issue, but that he should pay unto petitioner, as guardian of minor children of the marriage, certain rents until they should attain the age of 21 years, the sums paid to be used for their maintenance and education. Defendant failed to make some of the payments, and petitioner sought to compel compliance with the decree. *Held* that though the decree was one by consent, yet as defendant contended that he was entitled to expend the rents for the education and maintenance of the minor children as against the right of petitioner, their guardian, and denied that he was liable for the traveling expenses of the children when they visited him, the proper procedure to enforce compliance by the decree was by petition in equity; the construction of the decree and the rights of the parties being involved.

Before PRINCE, J., Sumter, December, 1916. Affirmed.

*Ex parte* application by Christine E. Green, formerly Christine E. Rembert, individually and as guardian of Arthur Rembert and others, against Edward Rembert and another, and suit by Christine E. Rembert against Edward E. Rembert. From a decree for Christine E. Green, the named defendant appeals.

*Messrs. Lee & Moise* and *J. H. Cliffton,* for appellant, submit: *Consent decree a mere contract:* 9 Rich. Eq. (30 S. C. Eq.) 56; 21 Fed. 842, 865; 5 Ency. Pl. & Pr. 1065, 1075.

*Construction of decree:* 7 Oregon 406; 2 Ohio St. 14; 27 Cal. 360; 6 Munf. (Va.) 87.

*Messrs. DePass & DePass,* for respondents, cite: *As to enforcement of decree:* 16 Cyc. 106; 4 Greene (Iowa) 229; 13 Bush (Ky.) 518; 15 N. Y. St. 644.

October 3, 1917.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The appeal is from an order of the Circuit Court, Judge Prince presiding. The order was made on a petition of Mrs. Green, and in the cases next referred to Mrs. Green had aforetime sued her former husband, Edward E. Rembert, for the construction of a trust deed, and a consent decree, Judge Davis presiding, was entered in the case in April, 1910, in which *inter alia* it was ordered that the said Rembert should have the possession and use of the premises in issue as tenant thereof at an annual rental of $500; and "that he do annually pay unto Mrs. Christine E. Rembert, as guardian of the plaintiffs, Edward Rembert, Arthur Rembert, Andre Rembert, and Esther Gourdine Rembert, the four-fifths part of said annual rent, until they, respectively, attain the age of 21 years. The sum so paid, to be used by their said guardian for the maintenance, support, and education of said minors, respectively." The rent was paid by Mr. Rembert to Mrs. Green for the years 1910, 1911 and 1912; it was not paid in 1913 and 1914; and the instant motion *inter alia* is to require its payment. On the same day the decree of April, 1910, was made, there was also another consent decree made by the same Judge betwixt the same parties, and that action was by Mrs. Green against Mr. Rembert for separation and alimony; and it provided expressly for the making of the decree first mentioned. So that the two are joined together.

There are six exceptions, and they all raise issues of law. We are content with what the Court has said on all the issues except the first. We do not disagree with the Court's conclusion thereabout; but the issue has some unusual interest, and it has been pressed with earnestness by the appellant.

The issue first made is that the Court had no jurisdiction to make the order. The contention is that the aforementioned decree, directing the payment of a stipulated rent, was consented to by the parties, and was, therefore, but a contract of the parties made under the sanction of the Court. *Allen v. Richardson,* 9 Rich. Eq. 56. And, further, that the exclusive remedy of the plaintiff, Mrs. Green, is a civil action on that contract, just as she would sue on any other contract. It is true, that an action may be brought upon a judgment, and that whether it be one by consent or not. 2 Black, Judgments, sec. 962; Freeman, Judgments, sec. 434. The Code of Procedure provides that an action shall not be brought upon a judgment without leave of the Court. Code, sec. 116. Action may also be brought upon a decree of a Court of equity. Same authorities cited above. But if the decree which is the subject of action shall include other subjects than the payment of money only, then it ought to be enforced by the Court of equity upon petition in the cause, rather than by an action at law. *Pennington v. Gibson,* 16 How. 65, 14 L. Ed. 847; 2 Daniells, Ch. Pl. & Pr., page 1585. In the instant case the petition and return put in issue certain provisions embodied in both of the aforementioned decrees of Judge Davis. The defendant, Mr. Rembert, claimed the right, under the decree, to expend the rent for the education and maintenance of the children, as against the right of Mrs. Green to do that. And the defendant also denied that he was liable, under the decree, for the traveling expenses of the children when they visited him at Sumter from the far West. Other issues, cognate to the two decrees, were raised by the petition and return. The defendant did not

insist that he had paid to Mrs. Green, the guardian, the rent due; there was involved no question of fact; the only real issue was, had Mr. Rembert done the things the decree had directed to be done? and the tribunal to settle that was the Court of equity, in which the cause rested.

The order below is affirmed.