23049

Elizabeth J. FINLEY, Appellant v. Steve Albert FINLEY, Respondent.

(382 S. E. (2d) 890)

Supreme Court

*W. Paul Culbertson*, of *Culbertson, Whitesides and Turner*, Laurens, *for appellant.*

*Donald B. Hocker*, Laurens, *for respondent.*

Submitted June 9, 1989.

Decided July 31, 1989.

CHANDLER, Justice:

After Respondent-Husband's (Husband) unsuccessful appeal of a divorce decree, the Family Court denied Appellant-Wife's (Wife) motion to compel payment of certain costs.

We reverse and remand.

## FACTS

Wife sought payment of the following costs: (1) reporter's transcript and $750 attorney's fee, assessed pursuant to Supreme Court Rule 38, § 4; (2) oral argument fee of $25 as provided in S. C. Code Ann. § 15-37-150 (1976); (3) filing and service of process fees from the original divorce action. She also requested an additional attorney's fee incurred in connection with the motion.

Family Court denied Wife's motion.

## I. APPELLATE COSTS

Family Court held that Supreme Court Rule 38 deprived it of authority to require that Husband pay the appellate costs. We disagree.

Sections 3 and 4 of Supreme Court Rule 38 provide that certain costs of appeal are taxed in the appellate court, while others are taxed in the lower court. In either instance, however, the costs are added to and made a part of the judgment of the lower court, which enforces their payment.

Courts of equity have jurisdiction to enforce their decrees requiring payment of money. *See Green v. Rembert*, 108 S. C. 203, 93 S. E. 769 (1917). Accordingly, the Family Court erred in holding that it was without authority to require payment of appellate costs by Husband.

## II. REPORTER'S TRANSCRIPT

Wife's request for cost of the reporter's transcript was denied for noncompliance with the 60-day requirement of Supreme Court Rule 38, § 2. She contends, correctly, that § 2 does not apply to reporter's transcripts, which are taxed in the lower Court pursuant to § 4 of the Rule.

## III. FILING AND SERVICE OF PROCESS FEES

Wife's request for filing and service of process fees was denied as untimely, having not been awarded in the original divorce decree. Rule 54(d), S. C. R. C. P.,

applicable in Family Court divorce actions, provides that "[c]osts may be taxed by the clerk on one day's notice." Thus, Family Court erred in holding that an award of costs must be specified in the divorce decree.

## IV. ADDITIONAL ATTORNEY'S FEES

Wife's request for an additional attorney's fee was denied due to lack of results obtained. In view of our disposition, we remand for reconsideration by the Family Court.

Reversed and remanded.

GREGORY, C. J., and HARWELL, FINNEY and TOAL, JJ., concur.