*Ex parte* HENRY S. MILLETT.

Kansas City Court of Appeals, May 20, 1889.

1. **Habeas Corpus:** CONTEMPT: ASSIGNEE REFUSING TO TURN OVER ASSETS. Where the circuit court has by proper order removed an assignee for creditors and ordered him to turn over the assets to a successor, which he refused to obey, and upon citation and hearing the court adjudges him guilty of contempt and commits him to jail until he obeys the order, and the commitment is regular in form and contains "the particular circumstances of the offense" which "in point of law amount to contempt," this court on *habeas corpus* cannot review the action of the circuit court and must remand the prisoner. *Quaere:* If such assets consisted of money only, whether such commitment would not be illegal as being imprisonment for debt?

2. ———: ———: ACTING AS ASSIGNEE AFTER REMOVAL. Where such assignee in disobedience of such order of removal proceeded to hear and allow claims against the estate, and on citation and hearing the court adjudged him guilty of a criminal contempt and assessed his punishment at a fine of fifty dollars and imprisonment of five days, the commitment being in proper form and reciting the necessary matter, this court cannot on *habeas corpus* discharge the prisoner.

3. **Judgment:** ORDERS OF COURT NOT SUSPENDED. Efforts made by the petitioner to appeal from the order of removal did not suspend such order.

*Original Proceeding.*

PRISONER REMANDED.

*Frank Titus,* for the petitioner.

(1) Both of the orders of commitment annexed to the return of the marshall of Jackson county show that the imprisonment of complainant was for an alleged disobedience in not complying with the order or judgment of the circuit court removing him from his trust. Such non-compliance is alleged in the commitments to be a contempt. The petitioner avers that such non-compliance on his part is neither a contempt in law nor in fact. The orders of commitment recite that they were made to enforce the payment of " all the moneys, etc., * * * amounting to between twenty and thirty thousand dollars." Imprisonment therefor is not for contempt, but is imprisonment for debt. *Coughlin v. Ehlert,* 39 Mo. 285 ; *Galson v. Holman,* 4 S. E. Rep. ( West Co. ) 811 ; *In re Hess,* 1 New York Sup ( West Co. ) p. 811 ; *Mallory v Fox,* 20 Fed. Rep. 409. Imprisonment for debt is illegal in Missouri, and said orders are void. R. S. sec. 3728, p. 634; Const. Mo., sec. 16, art. 2. (2) The circuit court was without any jurisdiction to proceed in the enforcement of its judgment of March 9, 1889, in any manner or form after the service upon the judge of said court of the alternative writ of *mandamus* from this court commanding an appeal from such decision or that cause be shown to the contrary. And said judge placed himself in contempt in this court by so proceeding. *People v. Pendergrast,* 117 Ill. 588; s. c. in 6 N. E. Rep. 695. And, where a party is claiming property as of right, it is not a contempt to refuse to deliver up the same under an order of court. Rapalje on Contempts, secs. 155, 159; *State v. Start,* 7 Iowa, 501; s. c. in 74 Am. Dec. 278. (3) The orders of commitment herein do not allege matters which in point of law amount to a contempt. R. S., sec. 2651, p. 445. Nor do said orders or either of them specially and plainly charge contempt. R. S., sec. 2648, p. 444. But said orders do show, in connection with the other facts before this court, that the jurisdiction of the circuit judge has been exceeded in

Ex parte Millett.

matter and person; that the same have issued under circumstances not allowed by law, and that such process is not authorized by any judgment, order or decree, nor by any provision of law. R. S., sec. 2650, p. 444. The circuit court being without lawful jurisdiction to proceed to enforce its judgment by reason of the premises, the orders of commitment are void. *Ex parte Snyder*, 64 Mo. 58; *State ex rel. v Loughlin*, 10 App. Rep. 5; *Ex parte Goodin*, 67 Mo. 637; *Ex parte Lang*, 18. Wal. 163. There is no contempt in disobeying an unlawful order. *Dowley v. Brown*, 43 How. Pr. 24; *Vincent v. Bamford*, 12 Abb. Pr. 254; *People v. Brennan*, 45 Barb. 347; *State v. Start*, 7 Iowa, 501. Jurisdiction is the power to hear and determine the matter in controversy. BALDWIN, J., in *Rhode Island v. Massachusetts*, 12 Pet 718; *Macfarland's Case*, 8 Abb. Pr. 63. (4) To constitute a constructive contempt some act must be done not in the presence of the court or judge that tends to obstruct the administration of justice or bring the court or judge or administration of justice into contempt. *In rel Dill*, 32 Kan. 668; s. o. in 5 Pacific Rep. 39; *The People v. Hackley*, 24 N. Y. 75. And the power to imprison as for constructive contempt is to be exercised only where no other adequate remedy can protect the public. *Gaudy v. State*, 13 Neb. 451; *State v. Doty*, 32 N. J. Law, 403; *State v. Matthews*, 37 N. H. 450; *Ex parte Grace*, 12 Iowa, 208; *State v. Anderson*, 40 Iowa, 207; *In re Hirst*, 9 Phila. 216. (5) To constitute a constructive contempt the act done by a party must not only be in defiance of the restraint, but must deprive the other party of some substantial right or affect some substantial interest in the controversy. *Butler v. Niles*, 35 How. Pr. 332. And if the contempt charged be purged by the accused by showing to the court that he acted under claim and color of right, and disclaimed and denied any intention to wilfully violate the order of the court as was done by the petitioner in the case at bar (see copy of his answer to

the rule to show cause exhibit), he should be discharged. *Spink v. Francis*, 19 Fed. Rep. 678; *In re Colvin*, 3 Md. Ch. 300; *People ex rel. v. Kingsland*, 5 Abb. Prac. R. 90; *Bank v. Schermerhorn*, 9 Paige Ch. 373; *Wood v. DeFigeaniere*, 16 Abb. Pr. 7; *Same v. Same*, 1 Robertson, N. Y. 613.. (6) If it appears at the hearing that the court below was without lawful jurisdiction to commit the petitioner, either by virtue of the effect of the service upon it of the alternative writ of *mandamus*, or by other provisions of law, then the prisoner should be discharged. Authorities, *supra ;* Hurd on Habeas Corpus, pp. 332–336; *Ex parte Snyder*, 64 Mo. 58; 10 Mo. App. 5; *Ex parte Perkins*, 26 Fed. Rep. 900; *Ex parte Lang*, 18 Wal. 163–169; *Geyger v. Story*, 1 Dall. 135; *Commonwealth v. Lecky*, 26 Am. Dec. note, pp. 42 to 49; *Ex parte Milligan*, 4 Wall. 3; *Ex parte Seibold*, 100 U. S. 371–474; *Ex parte Goodin*, 67 Mo. 637. That proceedings in contempt are in their nature criminal, and the strict rules of construction applicable to criminal proceedings are to govern them, see *Boyd v. State*, 19 Neb. 128; s. c. in 26 N. W. Rep. 925.

*Henry Wollman & Wash. Adams*, for respondent.

This court cannot in this proceeding consider the effect of the filing of the motion for a new trial on the order of removal, etc., etc. This court cannot receive any evidence or look back of the commitment. The circuit court had jurisdiction of Millett and of the subject-matter, its commitment is final in this proceeding. The regularity of the proceedings or the correctness of the decision of the circuit court cannot be inquired into by this court in this case. *Habeas corpus* proceedings cannot be used for the purposes of review in any sense. R. S. 2648 and 2651; *Ex parte Toney*, 11 Mo. 661; *In re Harris*, 47 Mo. 164; *Ex parte Goodin*, 67 Mo. 637; *Ex parte Boenninghausen*, 91 Mo. 301; *Ex parte Renshaw*, 6

Mo. App. 474; *Ex parte Bowler*, 16 Mo. 14; *Ex parte Boenninghausen*, 21 Mo. App. 267; *Ex parte Snyder*, 29 Mo. App. 256.

GILL, J.—In order to a full understanding of the facts giving rise to this *habeas corpus* proceeding we refer to the case of "Millett, Relator, *v.* Field, Judge etc." It will be seen that on April 3, 1889, Judge FIELD, presiding over divison number 1, Jackson circuit court, ordered Millett to appear in court, April 8 following, and answer charges of contempt for disobedience of the orders of court made March 9, which commanded said Millett to deliver over the assets of said Ramsey estate to Allbritain, the newly appointed assignee, and to answer the charge of disobedience of order of removal, in that said Millett had, after said order was made, openly defied the orders of the court, had proceeded to act as assignee and had heard and allowed claims on March 18, 19 and 20. On said April 8, Millett appeared in court, filed answer to such charges, a trial was had before the court, and Millett was adjudged guilty of the charges and two separate commitments were made out, and under these Marshal McGowen justifies his custody of the prisoner.

In the one order of commitment the court fully sets out the facts with the order on Millett to turn over the Ramsey assets, etc., as made March 9, recites too the disobedience by Millett, and thereupon adjudges contempt, and orders Millett's imprisonment until he obeys said order. In the other order of commitment is found likewise recital of order of removal, and that Millett, in disobedience thereof, had on March 18, 19 and 20 proceeded and allowed claims against the Ramsey estate, and on account of which the court found Millett guilty of a criminal contempt, and adjudged, as a punishment therefor, a fine of fifty dollars and imprisonment for five days in the county jail.

This court has no authority, under the law, to discharge the petitioner. Where a prisoner is "in custody, by virtue of a process from any court legally constituted, such prisoner can only be discharged in one of the following cases: *First*, where the jurisdiction of such court or officer has been exceeded, either as to matter, place, sum or person. *Second*, where, though the original imprisonment was lawful, yet, by some act, omission or event, which has taken place afterwards, the party has become entitled to his discharge. *Third*, where the process is defective in some matter of substance required by law, rendering such process void. *Fourth*, where the process, though in proper form, has been issued in a case or under circumstances not allowed by law. *Fifth*, where the process, though in proper form, has been issued or executed by a person who is not authorized by law to issue or execute the same, etc. * * * *Sixth*, where the process is not authorized by any judgment, order or decree, nor by any provision of law." R. S. 1879, sec. 2650.

And further by section 2651 it is provided that "no court, under the provisions of this chapter, shall, in any other matter, have power to inquire into the legality or justice of any process, judgment, decree or order of any court legally constituted, nor into the justice or propriety of any commitment for contempt, made by any court, officer or body, according to law, and plainly charged in such commitment, as hereinbefore provided; but nothing in this section contained, nor any other part of this chapter, shall be so construed as to prevent any prisoner from being discharged when the matter alleged in the order of commitment shall not, in point of law, amount to a contempt." There can be no question that the petitioner was committed by a process from a legally constituted court, having jurisdiction of the person; that the process is in proper form, and that the commitment contains "the particular circumstances

of the offense" charged, as required by section 1058, Revised Statutes.

And as we held in the *mandamus* case (*Millett v. Field*) there is no doubt but that the matters related in the order of commitment, "in point of law, amount to contempt" as required by section 2651, *supra*.

As oft repeated by the courts of the country a party cannot use the writ of *habeas corpus* as an appellate process, and we are not now, in this proceeding, authorized to review the action of the circuit court, to determine thereby if Millett was rightly or erroneously adjudged guilty of contempt. It is claimed, however, in behalf of the petitioner, that the court exceeded its jurisdiction.

There is no color for this claim, *unless* it be in that portion of the order which requires Millett to be held in custody until he shall have delivered over all the assets of said Ramsey estate; and since among these assets, it is said there is money, it is claimed that this is an imprisonment for debt, the right to which does not exist in this state. (39 Mo. 285.) Speaking for myself only I am inclined to the belief that in so far as the order of commitment may require Millett to pay over the money belonging to the estate, his imprisonment for a failure so to do would be illegal for the reason urged. Still it seems there are other assets, than money, belonging to said estate, and Millett's failure to deliver over the same will authorize the court to commit him to jail until said assets, at least, are surrendered as required by the court's order. *Ex parte Crenshaw*, 80 Mo. 447.

The fine of fifty dollars and five days' imprisonment, imposed by the court for the past offense of acting as assignee in allowing claims on March 18, 19 and 20, was within the statutory limit, and hence on that account no complaint can be made. Revised Statutes, 1879, secs. 1055 and 1056.

We repeat here, as held in the *mandamus* proceeding, that the efforts made by petitioner to appeal from

the order of removal did not suspend the order of removal. The case cited from 117 Ill. is wholly inapplicable here.

The petitioner must be remanded to the custody of the county marshal. It is so ordered. All concur.