[No. 27747. Department One. April 19, 1940.]

M. R. FRENCH *et al., Appellants,* v. GOETZ BREWING COMPANY *et al., Respondents.*[1]

[1]Reported in 101 P. (2d) 354.

*M. E. Mack* and *E. O. Conner,* for appellants.

*Cannon, McKevitt & Fraser* and *Robert Weinstein,* for respondents.

SIMPSON, J.—Plaintiffs instituted four actions to recover damages against their respective former employers. The original complaints were filed October 29, 1938. Later, an amended complaint was filed in each case. As the cases involve the same questions, they were consolidated for hearing by stipulation.

According to the allegations of the amended complaints, prior actions had been brought by plaintiffs against their respective employers (defendants in the case at bar) December 24, 1934, seeking the issuance of an injunction, and, as a result thereof, the superior court of Spokane county issued decrees, among which was the following:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Spokane Brewing and Malting Company, a corporation, refrain and desist from threatening or coercing or persuading or attempting to coerce or persuade the plaintiffs herein to join the teamsters' union and that they cease making any threats of discharge against any of the plaintiffs because they will not select labor representatives agreeable to the Spokane Brewing and Malting Company, and the Spokane Brewing and Malting Company is restrained and enjoined from having any dealings regarding terms of labor of the plaintiffs with any persons except the persons selected by them under the provisions of the National Recovery Admin-

istration and the State Industrial Recovery Act, to-wit, Henry Craine and Douglas C. Beach.

"It Is Further Ordered that the defendants, and each of them, be and appear before this court on the 7th day of January, 1935, at the hour of 9:30 A. M. or as soon thereafter as counsel may be heard, then and there to show cause, if any they may have, why this restraining order should not be continued in force and effect by the issuance of a temporary injunction prohibiting the doing of the acts herein complained of, and at said hearing a permanent injunction should not issue prohibiting the doing of the acts complained of.

"Bond is fixed at $1000.00."

Then followed allegations to the effect that plaintiffs, on the same day, filed a bond in the sum of one thousand dollars; that defendants appeared December 31, 1934, in compliance with the decree, and unsuccessfully sought a dissolution of the injunction; and that the injunction remains in full force and effect.

It was further alleged that, notwithstanding the decree, defendants wilfully and with intent to violate the decree, injure, and damage plaintiffs, informed them on or about February 21, 1935, that they would be discharged unless they immediately joined the teamster's union; that plaintiffs refused to join that union; and that, because of their refusal, they were discharged.

In each complaint, it was charged that the respective plaintiffs have at all times since they were discharged been ready, willing, and able to work for defendants; that every endeavor was made to obtain other employment; that, to August 31, 1938, plaintiffs have each been damaged in an amount equal to the difference between what each would have earned had he remained in the employ of his previous employer and the amount which he has, in fact, earned in other employment as alleged in the several complaints; and that each would suffer additional damages in the amount of five thousand dollars.

Finally, it was alleged by plaintiffs that "any action in tort" was expressly waived.

Defendants demurred on all of the grounds set forth in Rem. Rev. Stat., § 259 [P. C. § 8346], except the one mentioned in subsection one. The demurrers were sustained upon the grounds that the actions had not been commenced within the time limited by law; and that, in each instance, the amended complaint failed to state facts sufficient to constitute a cause of action.

Plaintiffs elected to stand upon their amended complaints, and appeal from judgment dismissing the actions. It is assigned as error on the part of the trial court (1) that the demurrers were sustained, and (2) that the actions were dismissed.

We will hereafter refer to the case as if but one action were involved.

Appellants contend that their present action is based upon the decree issued by the superior court of Spokane county December 24, 1934. This decree, it is urged, was made permanent upon the hearing December 31, 1934, by the court's refusal to effect its dissolution. Having become permanent, appellants argue that a written contract, binding upon the parties to the prior action, was thereby created.

Appellants devote considerable attention to the argument that the decree referred to in their complaint is a "judgment or decree." This contention may best be answered by pointing out that appellants' present action is not an action "upon a judgment or decree." Plainly, appellants do not now seek to have enforced the provisions of the original decree. Quite to the contrary, their complaint expresses an attempt to recover for damages alleged to have been sustained as a result of the fact that the provisions of the decree have already been violated.

It may be stated as an established rule that, to sus-

tain an action *upon a judgment or decree,* plaintiff must show defendant to have become bound by a personal judgment for the unconditional payment of a definite sum of money, final in its character and not merely interlocutory, remaining unsatisfied, and capable of immediate enforcement. *Hunt v. Monroe,* 32 Utah 428, 91 Pac. 269, 11 L. R. A. (N. S.) 249; *Seligman v. Kalkman,* 17 Cal. 153; *Willis v. Keator,* 181 S. W. (Tex. Civ. App.) 556; *Page v. Page,* 189 Mass. 85, 75 N. E. 92, 4 Ann. Cas. 296; *Henry v. Henry,* 74 W. Va. 563, 82 S. E. 522, L. R. A. 1916B, 1024; *Rembert v. Rembert,* 108 S. C. 203, 93 S. E. 769; *Du Bois v. Seymour,* 152 Fed. 600, 11 Ann. Cas. 656; 34 C. J. 1082, § 1527; 15 R. C. L. 900, § 378; and 2 Freeman on Judgments (5th ed.), § 1066.

The decree upon which appellants claim they are entitled to maintain this action does not meet the requirements of the stated rule. There is no provision for the payment of a certain sum of money, nor is the decree capable of immediate enforcement. The decree is negative in character, and can only be enforced, if violated, by contempt proceedings.

Appellants do not, in fact, bring their action upon the injunctional decree, but, rather, for violation of its provisions. For this reason, we hold that the action could not be maintained upon the decree.

██ It is urged by appellants, however, that, even though they cannot maintain an action upon the decree, the violation of rights with which they were invested by the decree entitles them to maintain an action *ex contractu,* as on a written contract, for damages sustained thereby. Respondents, on the other hand, contend that any action brought by appellants must necessarily sound in tort. Thus, the question is: Did the decree give to appellants a contract of employment,

or did it clothe them with rights the violation of which could give rise to nothing more than an action for tort?

As we view it, the effect of the decree was to invest appellants with the right not to be coerced into joining the union to which reference is had, and the right not to be threatened with discharge for their refusal to select labor representatives agreeable to respondents; and to establish as conclusively wrongful any invasion of these rights on the part of respondents. Plainly, violation of appellants' rights as established by the decree would, at the most, constitute a tort.

We cannot, however, conceive of any theory upon which to hold that respondents were guilty of breach of contract by reason of the conduct ascribed to them by the allegations in the complaint. It is clear that the complaint is bare of any allegation that appellants, prior to the issuance of the decree, had contracted for their employment by respondents for any particular length of time; and we must assume, therefore, that the employer-employee relationship was, until then, terminable at the will of either party. It is equally apparent from a reading of the decree that the court, though it modified the relationship between appellants and respondents in certain respects, made no attempt to create a contract of employment, either written or oral, binding upon the parties to that litigation.

Appellants having expressly waived any action in tort, we find it unnecessary to discuss the question of whether the complaint effectively sets forth a cause of action *ex delicto*.

The judgment is affirmed.

BEALS, MILLARD, and ROBINSON, JJ., concur.

BLAKE, C. J., concurs in the result.