VIOLA LUCILLE HANSEN, APPELLANT, v. RAYMOND CHARLES HANSEN, RESPONDENT.—203 S. W. 2d 86.

Kansas City Court of Appeals. Opinion delivered May 5, 1947.

*Martha McLendon* for appellant.

SPERRY, C.—This is an appeal from a judgment quashing execution.

On February 16, 1945, Viola Lucille Hansen, appellant herein, filed a petition for divorce against her husband, Raymond Charles Hansen, respondent, in the circuit court of Jackson County. On March 16, 1945, respondent filed his answer and cross-bill, praying for a decree of divorce from appellant. On March 23, 1945, appellant filed her motion for temporary alimony, suit money and attorney's fees which, on March 24, was sustained. Respondent was ordered to pay his wife, as temporary alimony, the sum of $15 per week; as suit money, the sum of $25; and, as attorney's fees, the sum of $100. The suit money and attorney's fees were paid and such sums are not here in controversy.

Respondent paid the sum of $15 per week, as ordered, until July 2, 1945, on which date the court, after a trial of the issues was had, denied both parties a divorce decree and dismissed both the petition and the cross-bill.

On July 12, 1945, respondent filed his motion for a new trial. Appellant, on July 19, 1945, filed motion for attorney's fees, which motion was overruled on September 29, 1945. Respondent's motion for new trial was sustained on August 27, 1945.

Respondent has made no payments on account of alimony since the date of the trial of the divorce case, July 2, 1945. On September 4, 1945, respondent filed motion for temporary custody of the children of the marriage. This motion was sustained on September 29, 1945. On October 15, 1945, a general execution was issued in behalf of appellant, against respondent, based upon the judgment for alimony rendered March 24, 1945. Respondent filed his motion to quash the execution, alleging as grounds therefor:

"1. That the judgment rendered in this case was fully paid until the date of trial in this cause and by reason thereof there is no judgment upon which this execution is based.

"2. That this execution was not issued with the knowledge or consent of this plaintiff.

"3. That the plaintiff and the children of plaintiff have absconded and have not been in the jurisdiction of this Court and obeyed the order of this court; and by reason thereof, this order or judgment is null and void.

"4. That the judgment upon which said execution is based is void.

"5. That the judgment of the Court could not have been carried out by defendant because the plaintiff has so concealed and hidden herself, defendant could not perform the order of this Court."

The motion was heard on the 10th day of November, 1945, both parties being represented in the court by counsel, respondent being present in person but appellant not being present. Neither party offered any evidence. Counsel for respondent contended that appellant had absconded from the state and that her whereabouts were unknown and that her counsel, then present in court, had previously stated that she no longer represented appellant, which latter statement was challenged by respondent's counsel.

Respondent has filed no brief but his position in the trial court seemed to be that since that part of the judgment regarding attorney's fees and suit money had been paid, and since the weekly payments for appellant's support, had been made, up until the day when appellant's petition for divorce was dismissed, there is no judgment upon which to base the execution.

That is not the law in Missouri. The judgment awarding appellant temporary alimony is not attacked on the grounds that, when entered, it was invalid, only that it expired, and ceased to have any effect whatever from and after July 2, 1945, at which time the court found against her on the merits of her case, and dismissed her petition. At the same time, the court found against respondent on his cross-bill and dismissed it. However, this judgment did not end the litigation

because respondent filed a motion for a new trial, which motion was sustained.

Speiser v. Speiser, 188 Mo. App. 328, 1. c. 338, is a case ruled by this court. The husband sued for divorce and the wife filed a cross-bill and a motion for alimony and suit money. The trial court overruled the motion, granted the husband a divorce, and dismissed the wife's cross-bill. We ruled that neither party was entitled to be divorced from the other, and reversed and remanded the cause with directions that a suitable allowance to the wife for temporary alimony and suit money be made.

In Dawson v. Dawson, 37 Mo. App. 207, the St. Louis Court of Appeals ruled a case quite similar, on the facts, to that of the case now under consideration. The husband filed suit for divorce in February, 1885. Defendant, in June, 1885, filed motion for temporary alimony and suit money, which motion was sustained and plaintiff was ordered to pay the sum of $50 monthly as alimony. Defendant then filed answer and cross-bill. A trial on the merits resulted in a judgment dismissing both the petition and cross-bill. From this judgment defendant did not appeal but plaintiff perfected appeal from an order and judgment overruling his motion for new trial. No further order was made concerning the continuance or discontinuance of the alimony, but plaintiff continued to pay $50 per month during the pendency of the appeal. The decree in the trial court was rendered in December, 1885. In May, 1886, that decree was reversed and the cause was remanded with directions to enter a decree granting plaintiff a divorce, plaintiff to first pay defendant all arrearages, if any, in the alimony theretofore awarded to her by the trial court, which decree was duly entered. From that decree defendant appealed on the grounds that the judge before whom the trial was had lacked jurisdiction, and the decree was reversed and the cause remanded. On June 22, 1886, a valid decree was entered in favor of plaintiff, and the trial court further found that plaintiff was not in arrears in his alimony payments because all of said payments had been made, as therefore ordered, until July 1, 1886, the date when the Court of Appeals had ordered the entry of a decree of divorce in favor of plaintiff. Defendant appealed.

Defendant contended, in the Court of Appeals, that since there had been no order or judgment vacating the judgment for temporary alimony, entered by the trial court in June, 1885, the same was continued in full force and effect until the date that a final valid decree was entered in favor of plaintiff in June, 1888, and that it was valid and binding on plaintiff.

It was held that that part of the order relating to suit money and attorney's fees ceased to operate upon the final ascertainment of defendant's guilt; but that plaintiff was required to continue to pay, monthly, that portion of the allowance for defendant's support so

long as the litigation continued and until the final entry of a decree dissolving the bonds of matrimony, unless sooner vacated or modified.

The above decision was given the same interpretation that we have given it, in Adams v. Adams, 49 Mo. App. 592, l. c. 597. We hold that the judgment for temporary alimony, in this case, continued to be a valid and binding judgment so long as the cross-bill of respondent remained in litigation.

A judgment for alimony is treated the same as is any other judgment for money; and execution may issue to enforce payment thereof. Schmidt v. Schmidt, 26 Mo. 235; McElvain v. McElvain, 221 Mo. App. 135, l. c. 145.

No evidence was heard on the motion to quash but counsel for both parties made oral statements to the court. Counsel did not agree on practically anything, either the law or the facts. Counsel for respondent contended that the judgment for alimony ceased to operate from and after July 2, 1945; and particularly after the entry of the order granting respondent custody of the minor children, September 29, 1945. Counsel for appellant stated that the execution was only for the amount accrued from July 2 until September 29.

It was conceded by her counsel that appellant had removed herself and children to California when her employment in Kansas City terminated and that there was then existing no order of the court, of any kind, touching the children.

The court stated:

"I will not be a party to making a man support children when the wife takes the children to California. When she brings them back here, the court will see that they are supported. I will sustain the motion. The motion to quash will be sustained."

According to the record, therefore, the motion to quash was sustained because the wife and children had removed to California at a time when the divorce case was pending, while the judgment for temporary alimony was in full force and effect, and when no order had been made by the court touching the custody or residence of either the wife or children.

Section 1526, R. S. Mo. 1939, provides that when parents or children are living separate and apart, as in this case, pending adjudication in respect to custody and control of their children, the parent who actually has the custody and control shall have the sole right to such custody and control. In view of the aforesaid provisions of the statute we cannot say that appellant acted wrongly in taking the children to California.

Under the facts herein, we are not required to say whether or not a removal of the children from the jurisdiction of the courts of Missouri, in violation of a court order touching their custody or residence, would justify quashal of an execution for collection of alimony payments in arrearage and accruing before said order touching custody had been

250

entered. Such is not this case. When such a case is presented, and not before, that point may be ruled.

The judgment should be reversed. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. All concur.