Isabelle K. TAYLOR, Plaintiff (Appellant),

v.

Hal J. TAYLOR and Charles W. Taylor,
Defendants (Respondents).

No. 31169.

St. Louis Court of Appeals.

Missouri.

April 16, 1963.

Lashly & Neun, Paul W. Lashly, Hugh C. Roberts, Jr., St. Louis, for plaintiff-appellant.

Gerwitz & Seegers, G. L. Seegers, St. Louis, for defendants-respondents.

RUDDY, Presiding Judge.

This is an appeal by plaintiff from an order dismissing her petition.

The petition is in two counts. In Count I of her petition plaintiff, Isabelle K. Taylor, alleges that she was granted a decree of divorce from defendant, Hal J. Taylor, on her cross-bill in a divorce action brought by her husband, in the circuit court of the City of St. Louis. In the decree, among other things, the court entered the following order:

"Plaintiff ordered to pay to defendant as alimony the sum of $50 per month on the first day of each month commencing July 1, 1950 and ending February 1, 1952 and thereafter to pay to defendant 25% of plaintiff's net income in each year from whatever source derived, payable on March 15, 1952 for the calendar year 1951, and on the same day each year thereafter for each preceding calendar year until plaintiff's death or defendant's marriage. Said net income to be computed without deduction of any payments to be made to defendant by plaintiff under the terms of this decree. Plaintiff ordered to submit to defendant each year together with his payment to defendant of 25% of his net income, a verified copy of his federal income tax return for such year. Indemnity agreement to secure such payments filed."

In her petition plaintiff further alleged that defendant, Hal J. Taylor, paid all of his alimony obligations up to and including February 1, 1952, but that he has failed to pay any alimony to the plaintiff since that date. Plaintiff further alleged that defendant, Hal J. Taylor, has had a net income for the years 1951 through 1960 and that she is entitled to receive alimony payments in accordance with the provisions of the decree entered by the court in the divorce action. She further alleged in said petition that defendant, Hal J. Taylor, in violation of the divorce decree and the order contained therein has wrongfully furnished her with copies of his Federal Income Tax Returns for the years 1951, 1952, 1953 and 1954, "which purported copies do not reveal all of the income of defendant Hal J. Taylor for said years, thereby intending to deprive plaintiff of the moneys rightfully due her." Plaintiff further alleged that said defendant, Hal J. Taylor, in violation of said decree has wrongfully failed and refused to furnish her with verified copies of his income tax returns for the years subsequent to 1954 and in violation of the decree of alimony has wrongfully failed and refused to pay to plaintiff the moneys due her under the aforesaid alimony order.

Plaintiff further alleged the following:

"Plaintiff does not know and cannot ascertain without the aid of an accounting the amount of net income of defendant Hal J. Taylor for said years and the consequent amount of money due her for said years. Without an accounting of the net income of Hal J. Taylor from February 1, 1952 plaintiff is unable to determine the amount that is due from defendant Hal J. Taylor."

Plaintiff further alleged the following:

"Plaintiff is entitled to an accounting and thereafter to have recovery against defendant Hal J. Taylor for the amount of alimony that is due by the specific performance of the order of the St. Louis Circuit Court set out above."

She concludes her petition with a prayer asking for an accounting of the net income

of the defendant, Hal J. Taylor, for the years mentioned above and " * * * for a judgment for the specific performance of the order of the Circuit Court of the City of St. Louis for the money due said plaintiff for alimony together with interest thereon * * *."

In Count II of her petition plaintiff restated the allegations contained in Count I and then alleged that defendant, Charles W. Taylor, entered into an agreement to indemnify her for all payments due or to become due from defendant, Hal J. Taylor, under the alimony order. She sets out in toto the alleged indemnity agreement. She concludes her allegations in Count II with a prayer for an order of specific performance of the indemnification agreement " * * * upon the determination of the money due the plaintiff for alimony for the years * * *" in question.

Defendants filed a motion to dismiss both counts of plaintiff's petition. Among the grounds alleged in support of their motion to dismiss plaintiff's petition and directed to Count I of said petition were the following:

"The prayer seeks 'an accounting' which is merely an ancillary discovery procedure in aid of a cause of action well grounded in equity and is not a cause of action in itself.

* * * * * *

"That the prayer in Count I requests a Circuit Court of St. Louis County to enforce by equitable decree, and the rendition of a money judgment, a judgment previously rendered by the Circuit Court of the City of St. Louis, a power neither this court nor any other court possesses.

"That a fiduciary relationship between plaintiff and defendant is essential to the ordering of an accounting, even in a proper case, and Count I not only fails to disclose such a relationship, but affirmatively reveals the absence of such a relationship.

"That Count I of the Amended Petition does not state facts upon which relief can be granted at law or in equity."

That part of defendants' motion to dismiss plaintiff's petition directed against Count II of said petition, among other grounds, alleged the following:

"Count II, embodying, as it does, the agreement upon which the relief is sought, shows on its face, it does not state facts upon which relief can be granted."

The trial court sustained the defendants' motion to dismiss plaintiff's petition in all respects but in its order did not set out the ground upon which it sustained the said motion. In her brief plaintiff denominates her petition as a suit instituted in equity for the enforcement of a decree and judgment of the Circuit Court of the City of St. Louis.

Plaintiff contends that she may properly invoke the powers of a court of equity to enforce a judgment where the legal remedy is unavailing and cites 49 C.J.S. Judgments § 587, p. 1074. The authority relied on by plaintiff deals with the power of a court to reach equitable interests in land not subject to execution "or other property of defendant which cannot be made available in the ordinary way * * *." but the authority does not cite any instances analogous to the one related in plaintiff's petition. In this connection plaintiff readily acknowledges that Missouri courts have not been confronted with the precise problem involved in this present action. Plaintiff does cite two authorities, McDougal v. McDougal, Mo.App., 279 S.W.2d 731 and McElroy v. Ford, 81 Mo.App. 500, but an examination of these authorities discloses that both of them involve foreign judgments obtained in other states.

Plaintiff in her petition prays " * * * for a judgment for the specific performance of the order of the Circuit Court of the City of St. Louis for the money due said

plaintiff for alimony * * *." In addition, plaintiff prays for an accounting of the net income of the defendant, Hal J. Taylor, for the years in question. The equitable remedy of specific performance presupposes the existence of a valid contract between the parties to a controversy, the contract being generally required to have the essentials of a contract valid and binding at law in order to be enforceable in equity. 81 C.J.S. Specific Performance § 3, p. 412.

Again, in 81 C.J.S. Specific Performance § 1, p. 408, it is said:

"In its remedial aspect, specific performance is an equitable remedy which compels the performance of a contract in the precise terms agreed on, or such a substantial performance as will do justice between the parties under the circumstances. * * *"

"* * * It is a substitute for the legal remedy of compensation whenever the remedy at law is inadequate or impractical."

At page 410 of the same authority is the following:

"* * * Whether or not a suit is one for specific performance depends on the nature of the relief asked, and whether or not there is involved the enforcement of a contract. * * *"

█ Therefore, it is quite clear from the above authority that before the equitable remedy of specific performance is available, there must be a valid subsisting contract between the parties.

In a case closely analagous to the facts in this case, Ives v. Ives, 247 Ala. 689, 26 So.2d 92, the court said,

"A court of equity has no more power under such circumstances than a court of law to render a personal decree for money except of course the court of equity which rendered the decree in the first instance. * * *"

In 30A, Amer.Jur., Judgments, Sec. 916, pp. 815–816, it is said:

"A court of chancery does not, as a matter of course, enforce a judgment rendered by a court of law. * * * Indeed, there is authority for the rule that there may be no resort to a court of equity to collect a judgment debt except where special equitable relief beyond mere collection is sought. * * *"

In discussing plaintiff's petition it should be pointed out that it is not a suit for the revival of a judgment or a suit to reduce to judgment in this state a judgment obtained in another state.

██ Plaintiff prays for an accounting. It is a fundamental rule in equity that an action for an accounting will not lie unless it is founded on some recognized ground for equitable relief. Johnston v. McCluney, Mo.App., 80 S.W.2d 898. The equitable ground on which plaintiff relies is that a fiduciary relationship existed between the parties to this suit. In support of her contention she cites Liddell v. Lee, Mo., 159 S.W.2d 769, where the court said at page 772:

"* * * A fiduciary relation 'exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith, and with due regard to the interests of the one reposing the confidence. * * *'"

We fail to see any fiduciary relationship between plaintiff and her divorced husband and between plaintiff and Charles W. Taylor, surety on the instrument sued on.

However, a more cogent reason exists for holding that plaintiff's petition fails to state a cause of action. The decree of divorce of which the alimony order is a part was entered June 6, 1950. Section 452.070 RSMo 1959, V.A.M.S., is similar to the statute in force when the decree was entered. This statute provides that when a divorce shall be adjudged, the court shall

make such order touching the alimony and maintenance of the wife as from the circumstances of the parties and the nature of the case shall be reasonable. Section 452.080 RSMo 1959, V.A.M.S., in effect when the decree was entered, provides, that when a decree of divorce is granted in favor of the wife the court may decree alimony in gross or from year to year. Alimony is awarded in a fixed sum or sums and is not left to future determination by further hearings. Bishop v. Bishop, Mo.App., 151 S.W.2d 553, l. c. 556. We said in the case of Pflanz v. Pflanz, 237 Mo.App. 873, 177 S.W.2d 631, l. c. 634:

"* * * It is well established that, under Missouri practice, a judgment for alimony or maintenance in a divorce suit is treated the same and is subject to the same incidents as other judgments rendered in actions at law, and that under Section 1519, supra, (now 452.070, RSMo 1959) an execution may issue on failure of defendant to pay such a judgment."

To the same effect see State ex rel. George v. Mitchell et al., Mo.App., 230 S.W.2d 116, l. c. 121; Hansen v. Hansen, 240 Mo.App. 245, 203 S.W.2d 86, l. c. 88; In re Kinsolving, 135 Mo.App. 631, l. c. 642, 643, 116 S.W. 1068.

■■ The judgment for alimony should be definite in amount and must be so in order to be responsive to an execution and as said in Goldstein v. Goldstein, 237 Mo.App. 274, 165 S.W.2d 876, l. c. 879:

"The reason for a judgment definite in amount and responsive to execution in judgment for care and support of a minor child is to the end that means of support be available for present need."

And as we said in the case of Kelly v. City of Cape Girardeau et al., 230 Mo.App. 137, 89 S.W.2d 693, l. c. 698, "* * * and, of course, for a judgment or a decree to create a lien, it must be for a definite and certain sum of money, capable of collection by execution levied upon the property of the judgment debtor. * * *"

■ It is a well established rule of law for which support can be found in the cases and textbooks that a judgment must be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. It must be in such form that the clerk is able to issue an execution upon it which an officer will be able to execute. Bishop v. Bishop, supra; 49 C.J.S. Judgments § 72, pp. 191–192; 30A Amer. Jur., Judgments, Sec. 57, p. 205; 55 A.L.R. 2d pp. 725–726. If it is a judgment for money, it must specify with definiteness and certainty the amount for which it is rendered. 49 C.J.S. Judgments § 76, pp. 198, 199; 33 C.J.S. Executions § 6, p. 139; 30A Amer.Jur., Judgments, Sec. 61, p. 207; 55 A.L.R.2d 727–729 and 59 A.L.R. 2d p. 690 and Freeman on Judgments, 5th Ed., p. 748.

In the case of State ex rel. Whatley v. Mueller, Mo.App., 288 S.W.2d 405, we said, at l. c. 410:

"Reverting to the proceedings in the divorce action, it is readily apparent that the judgment of the Florida court is not complete within itself in that the money judgment imposed upon relator is not spelled out. * * *"

"It is elementary that the judgment and its enforcement is the end of litigation, and therefore it is essential that the judgment dispose of the matters at issue so that the parties may be able to ascertain with reasonable certainty the extent to which their rights may be fixed."

In Re Phillips' Estate, 240 Mo.App. 9, 202 S.W.2d 107, l. c. 111, the court quoting from 33 C.J., p. 1064, see also 49 C.J.S. Judgments § 13, said:

"It is essential to the very existence of a judgment that the sentence, order, or adjudication in question shall be that of a judicial tribunal, determining the

rights of parties, in formal proceedings for that purpose, in a final and definite manner."

The rule that a judgment for money must specify with definiteness and certainty the amount for which it is rendered finds support in the decisions of the courts of other states. In the case of French et al. v. Goetz Brewing Co. et al., 3 Wash.2d 554, 101 P.2d 354 at l. c. 356, the court said:

"It may be stated as an established rule that, to sustain an action upon a judgment or decree, plaintiff must show defendant to have become bound by a personal judgment for the unconditional payment of a definite sum of money, final in its character and not merely interlocutory, remaining unsatisfied, and capable of immediate enforcement. (Citing cases.)

\*    \*    \*    \*    \*    \*

"The decree upon which appellants claim they are entitled to maintain this action does not meet the requirements of the stated rule. There is no provision for the payment of a certain sum of money, nor is the decree capable of immediate enforcement. \*  \*  \*"

In the cases of McKay v. Coca Cola Bottling Co. of Santa Barbara, California, 110 Cal. App.2d 672, 243 P.2d 35 and Arbitration: Los Angeles, etc. and Stan's Drive-Ins, California, 136 Cal.App.2d 95, 288 P.2d 291, the courts held that the judgment must be for money, and the amount due and the identity of the person to whom payable must be fixed with exactness. Of particular applicability to the facts of the instant case is the language of the Supreme Court of California in the case of Bank of America Nat. T. & Sav. Ass'n v. Standard Oil Co., 10 Cal.2d 90, 73 P.2d 903, where it said at l. c. 905:

"Neither the findings of fact, conclusions of law, nor the judgment specify the amount of money actually held by the trustee. \*  \*  \*

"This judgment is not a complete determination of the rights of the trustee and the claimants to the fund. As between the trustee and the ranch company, it is an adjudication that the latter is entitled to a specified percentage of the net proceeds of the trust fund as against the claims of the defendants who have not appealed from it. But it is not a judgment upon which execution may issue. An execution must refer to the judgment, and state, 'if it be for money, the amount thereof, and the amount actually due thereon.'"

The case of Ives v. Ives, supra, was a bill in equity filed in an Alabama court which sought a personal judgment for past due amounts decreed by a court of equity in Florida as alimony on granting a divorce. The decree provided, "'that one-half of defendant's salary up to and including $20.00 per week be and the same is hereby fixed and allowed to the plaintiff as alimony to be paid by defendant to the plaintiff only when defendant is gainfully employed, \* \* \*.'" The Alabama court in denying plaintiff a personal judgment said:

"The decree in question is not for a fixed and definite sum. Its amount is dependent upon whether defendant is gainfully employed and what his salary is and when payable. A decree which does not definitely ascertain and fix the amount to be paid, and time of payment, and which attaches any contingency to its payment will not support an action at law until the court rendering the decree has ascertained the amount and removed the contingency. \*  \*  \*"

The court further said:

"A court of equity has no more power under such circumstances than a court of law to render a personal decree for money except of course the court of equity which rendered the decree in the first instance. Neither

court in this State has jurisdiction to render a personal judgment on a decree such as is here declared on until the Florida court ascertains and decrees the existence of the matters there left open on the basis of which the amount is to be fixed. * * *"

In the case of Bishop v. Bishop, supra, the court awarded plaintiff a decree of divorce and in its decree said, "* * * *Stipulation as to support and maintenance filed and approved by the Court."* The stipulation referred to in the judgment was filed in the court on the day the judgment was rendered. Among its numerous provisions was the following:

> "That defendant shall pay the plaintiff, from and after the date of the decree of divorce herein, one-third of his total gross income, from whatever source derived, provided, however, that defendant shall not be obligated at any time to pay on account of this item a sum greater than One Hundred Dollars ($100.00) per week."

This court in determining whether or not the stipulation could form the basis of a judgment and having in mind the paragraph quoted above, said, at 1. c. 557:

> "Furthermore, we do not see how a valid judgment could be entered on the stipulation filed in this case. It is elementary that a judgment must be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law. It must be in such form that the clerk is able to issue an execution upon it which an officer will be able to execute. 1 Freeman on Judgments, secs. 72 and 84; 1 Black on Judgments, sec. 118. No execution could be issued upon a judgment rendered in conformity with the stipulation in question here without a further trial to determine the amount for which the execution should issue."

We are aware that if the judgment is indefinite and uncertain or is ambiguous, resort may be had to the pleadings, the verdict, the findings and other parts of the record and the judgment will be presumed to be in accordance with what is shown in the record. This rule is equally applicable as to the amount of recovery and reference may be had to the pleadings and other parts of the record and the judgment will be presumed to be in the amount therein shown. State v. Haney, Mo., 277 S.W.2d 632, 55 A.L.R.2d 717; State v. Mueller, supra; 49 C.J.S. Judgments § 442, p. 873. However, this rule of law is clearly inapplicable to the instant case. It is clear from a reading of the portion of the decree in the judgment awarding alimony at the time of the divorce hearing, that no part of the pleadings or record would be available to ascertain with definiteness and certainty the amount due under the alimony judgment.

The right to execution follows upon the rendition of a judgment. State v. Haney, supra. An execution must be supported by a valid decree or judgment. Woods v. Woods, 236 Mo.App. 855, 159 S.W.2d 320, and as we said before, the judgment must be sufficiently certain in its terms to be susceptible of enforcement and must be in such form that the clerk is able to issue an execution upon it which an officer will be able to execute. The circuit clerk before delivering an execution issued by him on the alimony judgment in the instant case must endorse on said execution the debt, damages and costs to be recovered, Section 513.045 RSMo 1959, V.A.M.S., Civil Rule 76.07, V.A.M.R. Obviously, the sheriff or other executing officer must know how much money or property to seize in order to satisfy the debt due under the execution.

There is little authority in this state on the question whether a purported money judgment for alimony or for any other purpose, indefinite and uncertain as

to amount, and incapable of enforcement by execution renders it void. We think such a judgment is void because it lacks the certainty, definiteness and exactness necessary to a good judgment that can be enforced in a manner provided by law. Such is the purported judgment before us in the instant case. Furthermore, the alimony judgment in the instant case cannot be aided by anything in the record.

In the case of Rumsey v. People's Ry. Co., 144 Mo. 175, 46 S.W. 144, the Supreme Court held a decree fatally defective because it failed to find the amount due on each account. The court said at 46 S.W. l. c. 147.

"It is also conceded that the decree is fatally defective on appeal or writ of error, because it does not find the amount due on each account, so that the defendant may know just what it must pay to avoid a sale of its property. It is clearly the duty of the court to specify the amount due the plaintiff, and where, as in this case, there are intervening plaintiffs with separate claims, the exact amount due each should be settled by the decree, and not leave it to be found or computed by others."

In the case of Goldstein v. Goldstein, supra, the divorce decree provided that the father "maintain" the minor child of the parties " * * * in clothing and furnish whatever monies are necessary for school and other purposes for said child." The court found that this provision was so ambiguous so as not to support issuance of an execution.

Again, referring to our case of Bishop v. Bishop, supra, wherein we were faced with a stipulation that contained a provision similar to the alimony order entered in this case, we expressed a doubt that a valid judgment could be entered on the stipulation because a judgment thereon would not be sufficiently certain in its terms to be susceptible of enforcement in the manner provided by law.

We think that part of the divorce decree in the instant case that ordered the payment of alimony in the manner set out in said decree is indefinite and uncertain and is incapable of enforcement. For these reasons it is fatally defective and therefore, void. For the reasons stated, the judgment of the trial court is affirmed.

SAM C. BLAIR and PHIL H. COOK, Special Judges, concur.