Roberts *v.* Stoner.

———————— ‹•◦•› ————————

ROBERTS *et al.*, Defendants in Error, *vs.* STONER, Plaintiff in Error.

1. The act of 1835 concerning "dower" took effect on the first day of December, 1835, and not before.
2. A court, in its discretion, may require a tenant for life of slaves or other property, to give security that the property shall be forthcoming upon the termination of the life estate.
3. Under what circumstances, a writ of sequestration may issue.

### Error to Franklin Circuit Court.

This was a proceeding instituted in the Circuit Court of Franklin county by Francis G. Roberts, James R. Wilson and Mary Jane Wilson, his wife, against Isaac Stoner, John Q. Dickenson, Alexander Chambers and A. W. Jeffries.

The petition stated that John A. Roberts, being possessed of certain slaves, died intestate on the first of May, 1835, leaving a widow, Ann J. Roberts, since married to the defendant, Stoner, and two children, the plaintiffs, Francis G. Roberts and Mary Jane Wilson; that the said Ann J. was entitled to one third of the said slaves during her life, as her dower, and that the said Francis G. and Mary Jane were each entitled to one third absolutely, and upon the death of their mother, Ann J., each to one half of the third assigned to her as dower, with the increase, absolutely; that a division was made by order of the county court, and a portion of the slaves set apart to the said Ann J., as her dower, of which the defendant, Stoner, since his marriage with her, had taken possession; that the said

Isaac Stoner, although he only had an estate during the life of his wife, was treating the slaves as his absolute property, and had disposed of some of them, as such, to the other defendants, and was attempting to dispose of the remainder; and that two of them had been sold and removed beyond the state to some place to the plaintiffs unknown.

The prayer of the petition was " for a judgment against the defendant, Stoner, for the value of the slaves sold by him, and that his estate in the same be sequestered for the satisfaction of said judgment and costs;" and that all of the defendants be required to enter into bond with security, conditioned for the delivery of the slaves in their possession to the plaintiffs, upon the termination of the life estate of Ann J. Stoner. The plaintiffs also prayed for an order enjoining the defendants from disposing of the slaves or removing them beyond the jurisdiction of the court before the termination of the suit, and for general relief.

The defendant, Stoner, filed his answer, stating that his wife had, by the judgment of the county court, which still remained in force, been endowed of the slaves, absolutely, under the act of 1835, concerning dower, and not merely of a life estate.

This answer was stricken out, and the court proceeded to enter up a final judgment, requiring Stoner to give bond conditioned for the delivery of the slaves in his possession, upon the death of his wife; and the defendant, Stoner, being present in court, and declining to give bond, the court ordered that the sheriff forthwith take the slaves out of his possession, and deliver them into the hands of James Halligan, who was appointed trustee to receive them, and hire them out; and it was ordered that the trustee pay the money arising from the hire to the defendant, Stoner, until the termination of the life estate, and then deliver up the slaves and their increase to the plaintiffs, or those entitled under them. It was further ordered, that Stoner pay over to the trustee the sum of $400, which it appeared he had realized from the sale of a portion of the

slaves, and that a writ of sequestration issue against him for said sum. The trustee was required to loan out the money, and pay the interest to Stoner until the death of his wife, and then to pay the principal to the plaintiffs, their administrators or assigns.

From this judgment, Stoner appealed. The record shows that an answer was filed by the defendant, Chambers, and that a motion to strike the same out was overruled ; but does not show a final judgment as to either Chambers, Dickenson or Jeffries.

*J. D. Stevenson,* for plaintiff in error, contended that the act approved March 20th, 1835, was in force as the law regulating dower in this state at the death of John A. Roberts, and that, under the second section of that act, his widow was entitled to one third of the slaves absolutely.

*W. V. N. Bay,* for defendants in error, contended that the widow of Roberts took dower under the act of 1825. 2 Terr. Laws, 420. R. C. 1835, p. 379, art. 3, sec. 2. Ib. p. 383–4, secs. 30 to 33 inclusive.

SCOTT, Judge, delivered the opinion of the court.

1. The thirty-third section of the act concerning the revised statutes, approved 21st March, 1835, enacts that all other acts of a public, permanent and general nature, in force at the commencement of the present session of the general assembly, and not herein required to be continued in force, shall be repealed on the first day of December next, except as in the next section specified. The act concerning dower being one of the " other acts" within the meaning of this section, and not being one of the acts excepted in the following section, was repealed on the first of December, 1835, and consequently the act concerning dower, of the code of 1835, took effect on that day.

2. Although the power of a court of equity to rule a tenant for life of slaves or other property, to give security that the property shall be forthcoming at the death of the tenant for

life, is to be exercised, not as a matter of course, but of sound discretion, according to circumstances, yet this case fully warranted the interposition of the court. There was a sale of a portion of the slaves and the assertion of an absolute interest in them.

· 3. Instead of entering a judgment or making an order against Stoner for the payment of the $400, the sum realized from the sale of the two slaves, whose locality is unknown, he should have been required to give security for their forthcoming at the termination of his estate. If he declines this, then the sum received may be required to be paid down, and the court may have it secured for those in reversion. A writ of sequestration is a process for contempt, used by chancery courts to compel a performance of their orders and decrees. When there is a decree against a party for the payment of money or to do any other act, this process cannot issue until he is put in contempt, or it is shown that process cannot be served. When an attachment is served and a party refuses to comply, he is then in contempt. It would seem that a sequestration, merely to compel the payment of money, cannot now issue, as imprisonment for debt is abolished. As process against the body, for the non-payment of a debt, cannot now issue, there would be no means of putting a party in contempt. These remarks are only intended for decrees for the mere payment of money. When the decree is for the performance of acts within the power of a party, he may be compelled by sequestration. Such a process may have been proper, if it had been shown that Stoner had the money in his possession and refused to deliver it up. This manner of enforcing decrees is now very unusual, since the statute has given the writ of execution to courts of chancery to carry into effect their decrees. It is necessary, whenever the writ issues, that the court should name the sequestrators who are to take charge of the defendants' estate. Bacon, tit. " Sequestration." *Hosack* v. *Rogers*, 11 Paige's Ch. R. 604. All those who now hold any of the dower slaves, should have been made parties to the proceeding, and

should have been required to give security. It matters not whether they purchased with or without notice, as the right of the plaintiffs is a legal one and they purchased at their peril. They are in the same predicament as those who purchase the property of another from one who has no right to it. It does not appear from the record sent up, that there is a final determination of this suit, as there is no order or decree for or against the other defendants.

That the decree may be modified, it will be reversed and remanded, the other judges concurring.