# OCTOBER, 1938.

ADA HARRINGTON, RESPONDENT, v. GUY EARL HARRINGTON, APPELLANT; THOMAS B. BASH, MOVANT, RESPONDENT.—121 S. W. (2d) 291.

Kansas City Court of Appeals.   October 3, 1938.

*Harry S. Davis* and *J. John Gillis* for appellant.

*Marvin Minnear* and *John D. Wendorff* for plaintiff and respondent, Ada Harrington.

*Lee D. Seelig* and *Floyd G. Gibson* for respondent, Bash.

SPERRY, C.—Ada Harrington will be referred to herein as plaintiff; Guy Earl Harrington as defendant; and Thomas B. Bash, Sheriff of Jackson County, Missouri, will be referred to as movant.

Petition was filed in Circuit Court of Jackson County, Missouri, Independence Division, to recover the sum of $3410, alleged to be due for alimony and support under a decree in the city court of East St. Louis, St. Clair county, Illinois. Judgment was rendered in favor of plaintiff for the sum of $3110. General execution was issued, directed to the sheriff of Jackson County, Missouri, and the sheriff was instructed to garnish wages due defendant from his employer. Garnishment was duly served. Defendant filed with sheriff his verified application for his exemption, as per section 1398, Revised Statutes of Missouri 1929. Plaintiff then filed with sheriff notice alleging that defendant was not entitled to exemptions because of the provisions of section 2990, Revised Statutes of Missouri 1929, and therein threatened to hold sheriff liable on his bond in event he allowed defendant his exemptions. Motion for finding of facts was then filed by the sheriff. The court found that defendant was not entitled to have 90 per cent of his wages exempt from garnishment. This appeal is from that final order of the court.

Neither plaintiff nor defendant questioned the procedure pursued by the sheriff in the filing of the motion for finding of facts.

The first error urged is stated by defendant as follows:

"The Court erred in refusing to allow the defendant-appellant his exemption provided in section 1398, Revised Statutes of Missouri, 1929, and in finding that section 2990, Revised Statutes of Missouri, deprived defendant-appellant of all his wages when the judgment of the Missouri Court from which the execution in evidence came was a mere money judgment dendered in a suit at law for delinquent installment of alimony due under an alimony judgment rendered by the city court of the City of East St. Louis, St. Clair county, Illinois, and not a judgment for alimony or maintenance rendered by a Missouri Court under the provisions of either section 1355, Revised Statutes of Missouri, 1929, or section 2989, Revised Statutes of Missouri, 1929."

Section 1398, Revised Statutes of Missouri, 1929, provides that the last thirty days' wages due any person who is the head of a family and a resident of Missouri shall be exempt from garnishment except for ten per cent thereof. [Texas Company v. Asphalt Dist. Co., 224 Mo. App. 1192.] Section 2990, Revised Statutes of Missouri, 1929,

provides that no exemption, such as is mentioned in section 1398, *supra,* shall be allowed in "attachment or execution upon a judgment or order issued to enforce a decree for alimony." Section 1355, Revised Statutes of Missouri, 1929, provides for the allowance and collection of judgments for alimony and maintenance. Section 2989, Revised Statutes of Missouri 1929, has no application here. There is strong reason in support of the view that no exemption shall be granted as against collection of an alimony from a sister State. To grant such exemption is for this State to offer a haven to those who seek sanctuary within our borders for the purpose of defeating the claims of wife and children left in another State. But this court must be guided by the law as the courts of Missouri have declared the same in prior decisions; and if an unsatisfactory result is obtained it can only be corrected by legislation.

While Missouri courts have never expressly passed on the point here involved, yet our courts have many times declared that a judgment for alimony is a "money judgment," or debt. The Supreme Court, in Nelson v. Nelson, 282 Mo. 412, l. c. 421-422 said:

"Through the decree rendered in the action, the contract of marriage is fully discharged as to both parties thereto for the breach by one. The permanent alimony allowel by the statute as an incident thereto takes character accordingly. In other words, it is not a continuing of the support of the wife by the husband, but it is the allowance of such a sum of money in gross or in installments as will fairly and reasonably compensate her for the loss of her support by the annulment of the marriage contract. In this limited sense at least it may be deemed an assessment of damages in her favor for breach of the contract by her husband. Following the rule of statutory interpretation heretofore premised, the elements that enter into and make up the measure of such damages are for practical purposes, and on principle should be, determined by the same considerations that determined the amount of alimony under the unwritten law, the prior treatment of the spouses respectively of each other, the needs of the wife, the 'faculties' of the husband, etc. But the essential nature of statutory alimony is not support furnished by an unwilling husband to his wife on the compulsion of a court of chancery, but compensation for the loss thereof adjudged her in an action at law. [Chapman v. Chapman, *supra.*] The fact that alimony may be decreed from year to year, as well as in gross, does not militate against the idea that it is essentially compensation."

The case of Brisbane v. Dobson, 50 Mo. App. 170, is cited by both parties herein. That decision is authority for the proposition that an alimony judgment obtained in a sister State is entitled to full faith and credit in this State as a judgment and that an action for debt will lie thereon. The court said, l. c. "An Action of debt will

lie to recover a sum ascertained to be due by the decree of a court of competent jurisdiction for alimony. The debt is certain, and it is proved by the record. Such a decree is in effect as much a judgment as if rendered on the common-law side of the court. "The decree in this case for alimony being like any other judgment for money is, of course, enforceable in this State by an action at law thereon."

It is the law in Missouri that a judgment for alimony is a judgment to pay money. It is a debt hence payment may not be enforced by contempt action and imprisonment. [Roberts v. Stoner, 18 Mo. 481, l. c. 484; Coughlin v. Ehlert, 39 Mo. 285, l. c. 286; In re Kinsolving, 135 Mo. App. 631, l. c. 639.] We are aware that some other jurisdictions hold that a judgment for alimony is not a debt (19 C. J. 301, and cases cited under note 2); but in Missouri such a judgment is merely a money judgment and will be treated as such. It of course follows that a judgment of such character, secured in a sister State, will be given full faith and credit as such when sued on in the courts of this State. It will be considered as any other judgment for money obtained in a sister State if collection thereof is sought in Missouri.

Our attention has not been directed by learned counsel in this case to any decision in Missouri or elsewhere, holding that special statutory remedies for enforcement of alimony judgments have been applied in aid of enforcing collection of such a judgment from a sister State. On the contrary the law is declared in 1 R. C. L., 958, to be as follows: "Owing to the fact that an action on a foreign decree for alimony is in theory for the enforcement of a debt of record, and not for compelling the payment of alimony as such, remedies of the local forum for the enforcement of the payment of alimony are not ordinarily available to enforce a foreign decree. Furthermore, provisions in a foreign decree as to mode of its enforcement are in their nature matters of procedure, and are operative only within the jurisdiction wherein it was rendered."

In Page v. Page, 189 Mass. 85, l. c. 87, the court said: "In Shannon v. Shannon, it was held that in this Commonwealth the authority to grant alimony is now derived wholly from the statutes. With the exception named in R. L., ch. 152, par. 26, which is not here material, the statutes apply only to cases where the question of divorce or separation is heard in our own courts. [R. L., ch. 152, pars. 25, 27-33.] Upon the petition, therefore, we cannot make an inquiry as to the proper amount to be allowed as alimony, *nor can the order of the Maine court as to alimony be enforced in any of the ways set forth in our statutes.* . . . Whatever relief we can give must be founded upon general principles." (Italics ours.) At l. c. 88, the court further said: "Whether the original decree was founded upon a

common debt or claim for alimony is entirely immaterial. In the sister State it is known as a decree for the payment of money, and is seen in no other light.''

The case of Mayer v. Mayer, 154 Mich. 396, in which plaintiff sought, in the Michigan courts, to enforce a decree for alimony obtained in Oklahoma, the court held that such decree would be enforced as a money judgment but that Michigan statutes in aid of collection of alimony apply only to judgments for alimony rendered by the courts of Michigan.

The Court of Appeals of New York, in Lynde v. Lynde, 56 N. E. 979, l. c. 983, said: ''The provisions of our Code for the enforcement of a direction, in a judgment of divorce, for the payment of alimony, by equitable remedies, pertain only to such judgments as are recoverable here. [Article 4, ch. 15.] The jurisdiction of the Supreme Court of this State to dissolve a marriage is conferred solely by statutes, and its provisions upon the subject of alimony are not available to the plaintiff in aid of her decree.''

The case was one where plaintiff sought, in the courts of New York, to enforce a decree of alimony legally obtained in the courts of New Jersey.

Upon the above authorities and reasoning we hold that our special statutes in aid of enforcement of decrees of divorce and alimony are applicable only to such decrees as are rendered by the courts of Missouri. Plaintiff could garnish but ten per cent of defendants salary for his last previous thirty days labor.

Defendant next complains as follows:

''The Court erred in admitting in evidence, over the objection of the defendant-appellant, the certified copy of the decree rendered by the city court of the City of East St. Louis, St. Clair County, Illinois, without the plaintiff-respondent pleading and proving that said Court was a court of general jurisdiction with jurisdiction to entertain suits for divorce and to render judgment for alimony and maintenance when such purported decree shows on its face that it was rendered by a court of limited, inferior or special statutory juisdiction, which will not be presumed but which must be affirmatively shown by the face of the record, or fully and distinctly pleaded and proved.''

The judgment of the Illinois court recites that Ada Harrington appeared in person, and that Guy Earl Harrington entered appearance and filed answer. His solicitor examined and approved the contents of the decree. The decree was signed by the judge presiding. The clerk of the court certified, under seal of the court, that he was the clerk and that the writitng was a true copy of the original decree; the judge of the court certified, under seal of the court, that the person signing as clerk was the duly qualified clerk and keeper of the records and seal of said court; and the clerk of said court

certified, over his signature and under seal of the court, that the judge so certifying was the duly qualified and acting judge of said court. Thus, the record relied on shows that it is the record of a court of record, that it has a judge presiding, and a clerk attending upon the same, as well as a seal of court. Upon that state of facts the law presumes that such a court is a court of general jurisdiction and that it had jurisdiction of the subject-matter of the action pending therein and of the parties thereto; and, in the absence of proof to the contrary, such presumption is conclusive." [Western Assurance Company v. Walden, 238 Mo. 49, l. c. 61.] The ruling in the foregoing decision was approved in Toler v. Coover, 71 S. W. (2d) 1067, l. c. 1069. Plaintiff alleged in her petition that the Illinois court was one of general jurisdiction; and the introduction of the decree of that court, certified according to the act of Congress, and showing upon its face the foregoing facts, established the fact *prima facie*. If defendant desired to challenge such *prima facie* proof of introduction of evidence, he was at liberty to do so. Having failed to do so, the *prima-facie* proof became conclusive. The judgment was properly admitted in evidence for the reason heretofore given.

. The judgment of the trial court on the "motion for finding of facts" should be reversed and the cause remanded with directions to proceed in accordance with our ruling herein. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment of the trial court on the "motion for finding of facts" is reversed and the cause remanded with directions to proceed in accordance with our ruling herein. All concur.