## JENNINGS v. HOWARD et al.

### No. 2408.

District Court, E. D. Missouri, E. D.

July 10, 1944.

Ira B. Burns, of Kansas City, Mo., and Frank L. Ramacciotti, of St. Louis, Mo., for complainant.

Boyle & Priest, G. T. Priest, and Robert E. Moloney, all of St. Louis, Mo., for defendants.

DUNCAN, District Judge.

There is no dispute as to the facts in this case. It is submitted upon the pleadings, without testimony. It is agreed that the allegations set out in plaintiff's complaint are the facts upon which the issues are to be determined. Plaintiff is a resident of the State of California. The defendants are residents of Missouri. The amount involved is in excess of $3000.

Plaintiff obtained a decree of divorce from defendant Lloyd Boyle Howard on October 11, 1934 in the Superior Court of the County of Los Angeles, State of California, and obtained custody of a minor child, at that time six years of age, and the sum of $40 per month as alimony and maintenance for herself and their minor child.

Thereafter, on October 5, 1942 the decree of the court was modified by stipulation in respect of the alimony and maintenance for the support of the minor child, to provide that $40 per month for the support and maintenance of said minor child should be paid on the eleventh day of each month commencing October 11, 1934 up to and including April 11, 1936 and thereafter $30 per month commencing on May 11, 1936 and continuing until the further order of the court.

No part of such amount was paid by the defendant Lloyd Boyle Howard, and thereafter there was instituted in the District Court of the United States, within and for the Eastern District of Missouri, an action by the plaintiff against the defendant Lloyd

Boyle Howard, to reduce to a judgment in that court the amounts of the unpaid installments to which plaintiff was entitled under the decree heretofore mentioned.

On April 5, 1943 the plaintiff obtained judgment against the defendant Lloyd Boyle Howard in said action in the sum of $4003.-22 with interest thereon from January 12, 1943 at the rate of 7% per annum, together with her costs amounting to $19.70. Execution was issued and delivered to the United States Marshal within and for the Eastern District of Missouri, directing him to levy upon any property of the defendant Lloyd Boyle Howard, and on September 3, 1943 the Marshal returned said execution nulla bona.

Sidney E. Boyle, a resident of the City of St. Louis, Missouri, who died in September 1941, did by her last will and testament, set up two trusts [1,2] in favor of the defendant Lloyd Boyle Howard. The will

[1] "C. I give and bequeath to the Mississippi Valley Trust Company, a corporation of St. Louis, Missouri, in trust, however, the sum of Fifty Thousand ($50,000.) Dollars or its equivalent, in cash and/or other personal property to be by my executor selected from the assets of my estate and appraised at its reasonable market value at the date of my death. All the property received under the terms of this Section C. of Article Sixth by the Mississippi Valley Trust Company, as trustee, shall constitute a trust estate to be administered for the benefit of Lloyd Boyle Howard, an orphan child adopted by me and taken by me into my home to be reared and educated. The trustee shall manage, and invest this trust estate according to the powers hereinafter set out; the income from said trust estate shall accumulate and the trustee may at its discretion pay out or apply the principal and/or accumulated income for the sole welfare and benefit of Lloyd Boyle Howard. None of said principal or income, however, shall be paid out or applied or used for the benefit of any member of Lloyd Boyle Howard's family. During the continuance of the trust with respect thereto the beneficiary hereunder shall not have power to assign, pledge or otherwise transfer his interest or any part thereof in the trust estate, either principal or income, and any such assignment, pledge or transfer shall be void and of no effect; and no interest or right of the beneficiary hereunder in the trust estate, principal or income, shall be subject to garnishment, attachment or any other process based on or otherwise relating to any debt or liability of such beneficiary; nor shall any part of the principal or income of said trust fund be used for or be subject to the payment of any claim or judgment for alimony, maintenance or support or otherwise that any present or future wife may have against said Lloyd Boyle Howard."

[2] "D. I give and bequeath to the Mississippi Valley Trust Company, a corporation of St. Louis, Missouri, in trust, however, as hereinafter provided, the sum of Two Hundred Fifty ($250,000.) Thousand Dollars or its equivalent, in cash and/or other personal property to be by my executor selected from the assets of my estate and appraised at its reasonable market value at the date of my death. All the property received under the terms of this Section D. of Article Sixth by the Mississippi Valley Trust Company as trustee, shall constitute a trust estate to be administered for the benefit of Lloyd Boyle Howard, an orphan child adopted by me and taken by me into my home to be reared and educated. The trustee shall manage, invest and reinvest this trust estate, according to the powers hereinafter set out and shall pay in as nearly equal monthly installments as may be practicable, the entire net income derived therefrom to Lloyd Boyle Howard during his natural life.

"Furthermore, if at any time or from time to time because of illness, infirmity or any other condition affecting Lloyd Boyle Howard, it shall appear to the satisfaction of the trustee that he is in need of funds in excess of the net income of the trust estate herein created for his benefit, then the trustee may relieve or contribute toward the relief of any such need or needs by paying to him or using and applying for his benefit from the principal of such trust estate, such additional sum or sums as the trustee shall deem reasonable and proper under the circumstances.

"During the continuance of the trust with respect thereto, the beneficiary hereunder shall not have power to assign, pledge or otherwise transfer his interest or any part thereof in the trust estate, either principal or income, and any such assignment, pledge or transfer shall be void and of no effect; and no interest or right of the beneficiary hereunder in the trust estate, principal or income, shall be subject to garnishment, attachment or any other process on or otherwise relating to any debt or liability of such beneficiary; nor shall any part of the principal or income of said trust fund be used for or be subject to the payment of any claim or judgment for alimony, maintenance or support or otherwise that any present or future wife may have against said Lloyd Boyle Howard."

196

conveyed to the Mississippi Valley Trust Company, a corporation, of the City of St. Louis, in trust for the said Lloyd Boyle Howard, the sum of $50,000 or its equivalent, in cash or other property. In paragraph "C" of the trust it is provided that: "During the continuance of the trust with respect thereto the beneficiary hereunder shall not have power to assign, pledge or otherwise transfer his interest or any part thereof in the trust estate, either principal or income, and any such assignment, pledge or transfer shall be void and of no effect; and no interest or right of the beneficiary hereunder in the trust estate, principal or income, shall be subject to garnishment, attachment or any other process based on or otherwise relating to any debt or liability of such beneficiary; nor shall any part of the principal or income of said trust fund be used for or be subject to the payment of any claim or judgment for alimony, maintenance or support or otherwise that any present or future wife may have against said Lloyd Boyle Howard."

Under this trust the trustee was given the right to manage and invest the trust funds and to accumulate the income, and, in its discretion, to pay out or apply the principle and/or accumulated income for the sole welfare and benefit of Lloyd Boyle Howard.

The second trust[2] was in the sum of $250,000. It likewise required the trustee to manage, invest and reinvest the trust estate according to the powers set out in the trust, and to pay in as nearly equal monthly installments as may be practicable, the entire net income derived therefrom to the said defendant Lloyd Boyle Howard during his natural life.

It also vested in the trustee the right to use any part of the principal for the benefit of Lloyd Boyle Howard in the event of illness, infirmity or other condition affecting the said Lloyd Boyle Howard, if, in the discretion of the trustee, such additional sum or sums shall be deemed reasonable and proper. This trust likewise provides: "During the continuance of the trust with respect there-to, the beneficiary hereunder shall not have power to assign, pledge or otherwise transfer his interest or any part thereof in the trust estate, either principal or income, and any such assignment, pledge or transfer shall be void and of no effect; and no interest or right of the beneficiary hereunder in the trust estate, principal or income, shall be subject to garnishment,

attachment or any other process on or otherwise relating to any debt or liability of such beneficiary; nor shall any part of the principal or income of said trust fund be used for or be subject to the payment of any claim or judgment for alimony, maintenance or support or otherwise that any present or future wife may have against said Lloyd Boyle Howard."

Upon the death of the defendant Lloyd Boyle Howard, the balance remaining in the trust was bequeathed to certain residuary legatees.

This action was brought by the plaintiff to establish an equitable lien upon the earnings of the trust estate from the commencement of this suit, and to enjoin the defendant Lloyd Boyle Howard from interfering with the payment of the judgment rendered in this court, and the future payments of $30 per month provided for in the California judgment, as modified by the stipulation between the plaintiff and the defendant Lloyd Boyle Howard.

Defendants filed answer alleging that plaintiff's complaint failed to state a claim upon which relief could be granted, and that the petition on its face shows that the plaintiff has an adequate remedy at law, and that the court is without jurisdiction to proceed in equity. With regard to this contention, the answer is, that upon obtaining judgment in this court, plaintiff caused an execution to be issued and placed in the hands of the United States Marshal within and for the Eastern District of Missouri, the district in which the defendant Howard is a resident, and that the execution was returned nulla bona. The failure to find any property of said defendant out of which the judgment could be satisfied, conferred jurisdiction upon a court of equity, to determine whether or not the income belonging to the defendant Howard under the spendthrift trust is subject to the payment of the judgment, and the future installments arising under the California judgment. O'Connell v. Smith, Mo.App., 131 S.W.2d 730.

In her brief plaintiff cites Section 570, R.S.Mo.1939, Mo.R.S.A., which provides that: "All restraints upon the right of the cestui que trust to alienate or anticipate the income of any trust estate in the form of a spendthrift trust, or otherwise, and all attempts to withdraw said income of any trust estate from the claims of creditors of the cestui que trust, whether said

restraints be by will or deed, now existing or in force, or, which may be hereafter executed in this state, be and the same are hereby declared null and void and of no effect, as against the claims of any wife, child or children, of said cestui que trust for support and maintenance, or, as against the claim of any said wife for alimony." and contends that this statute renders null and void, that provision of the trust providing that no part of the principal or income of said trust fund shall be used for the payment of any claims or judgment for alimony, maintenance or support.

■ Defendants in their brief contend that this is a special statute, passed in aid of the collection of alimony and maintenance, and applies only to judgments, orders or decrees for alimony rendered by the courts of the State of Missouri, and cite as their authority therefor the case of Harrington v. Harrington, 233 Mo.App. 390, 121 S.W.2d 291.

In the Harrington case, the plaintiff had obtained a judgment for alimony in the State of Illinois, and later obtained judgment for the unpaid amount in the courts of Missouri, and thereafter issued an execution against the defendant, a resident of Missouri, and sought to enforce the collection of the judgment under the provisions of Section 2990, R.S.Mo.1929 (now § 3377, Mo.R.S.A.), which disallows any exemption under execution for alimony, maintenance or support. The Court held that that statute applied only to the collection of alimony allowed by a decree of a court in the State of Missouri, and that as the judgment was a foreign judgment and an ordinary money judgment, the defendant was entitled to his 90% exemption, the same as any other judgment creditor, and the head of a family.

I cannot agree with the defendants that Section 570, R.S.Mo.1939, is a special statute, enacted merely in aid of the collection of judgments for alimony and support and maintenance of minor children, such as Section 2990, R.S.Mo.1929 (now Section 3377, R.S.Mo.1939, Mo.R.S.A.), referred to in the preceding paragraph. Section 570 is a part of the law of Wills, and prohibits all testators or other persons setting up or creating spendthrift trusts from doing just what was done in this case, i. e., attempting to exempt the income of the trust estate from the payment of support and maintenance and alimony which may be owed by the cestui que trust, and renders any such attempt an absolute nullity.

■ This statute does not attempt to restrict any particular class of testators or donors from exempting the income from a spendthrift trust, but applies to all alike. What is a general and what a special law under the decisions of Missouri is well settled. In State ex rel. Maggard v. Pond et al., 93 Mo. 606, loc. cit. 620, 6 S.W. 469, loc. cit. 471, it is stated: "We are not left at sea for a rule by which to determine what is a general, and what is a special or local, law. The distinction between them has been very clearly drawn by this court in the following cases: In the case of State [ex rel.] v. Tolle, 71 Mo. 645, it is held 'that a statute which relates to persons or things as a class is a general law, while a statute which relates to particular persons or things of a class is special.'"

In Humes v. Missouri Pac. Ry. Co., 82 Mo. 221, loc. cit. 231, 52 Am.Rep. 369, it is stated that all "'who are, or who may come into like situations and circumstances' [are] not partial." This principle is approved in Phillips v. Missouri Pac. Ry. Co., 86 Mo. 540, and Thompson v. St. Louis-San Francisco R. Co., 334 Mo. 958, 69 S. W.2d 936, loc. cit. 943.

■ When the Legislature said that all attempts to withdraw the income from any trust estate in the form of a spendthrift trust shall be null and void so far as the claims of any wife, child or children of the cestui que trust for support and maintenance and alimony are concerned, I believe it meant just that. That it was not intended as a restriction upon testators, settlors or donors of trusts limited to wives and children who are residents of Missouri, or whose rights to alimony or maintenance and support were determined by the courts of Missouri. I believe it was the legislative intent that the statute should apply to all trusts, whether the cestui que trust's obligations for alimony or support and maintenance arose under the laws of Missouri, or the laws of another state.

To hold otherwise would permit irresponsible husbands and fathers to completely hide behind the restrictive provisions of a spendthrift trust set up by one who, for any reason, disliked the wife or children of the beneficiary of such a trust. A residence outside of Missouri and the commission of acts resulting in a decree of divorce and alimony, or maintenance and support

for children, or either, would enable the cestui que trust to escape all responsibility for the support of his family, and to enjoy in sole comfort, free from marital obligations, the income from a spendthrift trust created under the laws of Missouri. I cannot conceive of the Legislature having such a thing in mind in the enactment of Section 570.

From the very fact that the testator created two spendthrift trusts in different amounts and with different conditions, naming in each the defendant Lloyd Boyle Howard as cestui que trust, indicates that there likely was in the mind of the testator some doubt as to her ability to withhold from the wife and children of the cestui que trust the income from such a trust, and yet reserve to him the right absolutely to require the trustee to pay over to him the income therefrom. Therefore, with respect to one of the trusts, she required the trustee to accumulate the income, and vests in such trustee unrestricted discretion to pay to the cestui que trust such income, or any part of the principal for his *sole welfare and benefit*. (Italics supplied.)

In the other trust, she required that the income be paid monthly to the cestui que trust. She made certain that whatever might happen with respect to the income from the second trust, the proper exercise of the discretion of the trustee with respect to the income from the first trust would enable the cestui que trust to live comfortably.

■ The plaintiff does not seek to recover the amount of her judgment and other claims under any provision of the Missouri statutes respecting the collection of alimony or maintenance. None of these statutes are in question here. Under the laws of Missouri, a judgment for alimony is a money judgment, and the judgment in this case, which is based upon a foreign judgment for maintenance and support of the minor child, is likewise a money judgment. It is a debt. The judgment is given full faith and credit, and must be considered as any other judgment for money obtained in a sister state, if collection thereof is sought in Missouri. Harrington v. Harrington, supra.

However, the plaintiff, in her effort to enforce this obligation, it seems to me, is not in the same position with respect to its collection as other creditors of the cestui que trust might be with respect to the income from the trust estate, the testator having written into the trust a restriction against the disposition, alienation or sequestration of any part thereof for the payment of any claims of any kind or character against the defendant Lloyd Boyle Howard. She is not in such position in this case because the judgment which she seeks to collect is a judgment for support and maintenance of a minor child, which the statute says the testator could not prevent by any language in creating a spendthrift trust.

Therefore, in view of the construction which I have placed upon Section 570, that provision of the trust, attempting to prevent the payment of any part of the income therefrom, so far as the wife or children are concerned, is null and void, and the income from the trust estate under the provisions thereof, which is required to be paid to the beneficiary at regular intervals, cannot be withheld by any provision of the testator's will from the satisfaction of the obligation of the defendant Lloyd Boyle Howard.

Plaintiff does not contend that she is entitled to a lien against any part of the earnings of the trust set out in paragraph "C"[1] of the will of Sidney E. Boyle, because in the creation of that trust she left entirely to the discretion of the trustee, the matter of paying income or principal to the beneficiary. The trustee may, in its sound discretion, use either the principal or the income from such trust estate for the sole maintenance and support of the cestui que trust, as it shall see fit. And it is not contended that the trustee can be required to exercise that discretion with respect to any sum or sums in its hands, either principal or income, for the satisfaction of a judgment against the defendant Lloyd Boyle Howard for support and maintenance of his minor child.

■ While the testator, in setting up the spendthrift trust, does prevent the cestui que trust from alienating, assigning or otherwise disposing of any part of the income of said trust, and states that it shall not be subject to any garnishment, attachment or other process for the collection of any debt or liability of beneficiary, it does require of the trustee absolutely, the payment of the income thereof to the cestui que trust in as nearly equal monthly installments as possible. After they have accrued and are susceptible of ascertainment, the income becomes the property of

the cestui que trust, and he could compel their payment to him by the trustee in accordance with the terms of the trust, and the provisions of the will preventing the use of any part of said income in the payment of alimony or maintenance being null and void, the plaintiff is entitled to subject that which belongs to the defendant Lloyd Boyle Howard to the payment of his legal and moral obligations for the support of his minor child.

In attempting to impress the income from the trust with a lien to pay the monthly installments due under the California judgment, as modified by stipulation, which have become due since the rendition of the judgment in this court, a somewhat different question is presented. In the first instance, we have a Missouri judgment, predicated upon a California judgment. In the second, we have unpaid installments only, due under a California judgment.

As set out in plaintiff's complaint, the $30 monthly installments, following the modification of the judgment by stipulation, continue until the further order of the California court. They are simply the accumulation of the same monthly installments due upon the same California judgment, upon which the judgment rendered by this court was based. They arise out of the same decree of the court between the same parties, and for identically the same obligation on the part of the defendant Lloyd Boyle Howard.

This court having acquired jurisdiction in equity for the purpose of enforcing the collection of the judgment rendered in Missouri, has jurisdiction to enforce the collection of the $30 monthly installments accruing in behalf of the plaintiff. It has jurisdiction to determine all of the questions between the parties in respect of their relations growing out of the decree. "Equity delights to do justice, and that not by halves." The aim of equity is to administer complete relief, and as above stated, when jurisdiction was acquired for the purpose of enforcing the obligations with respect to a portion of the decree, it may likewise do full and complete equity between the parties.

I am, therefore, of the opinion that the income from the trust estate is likewise subject to a lien for the payment of the $30 per month installments, and that a lien should be impressed upon such income as shall become due and payable to the defendant Lloyd Boyle Howard under paragraph "D" [2] of the will of Sidney E. Boyle.

The monthly installments due plaintiff under the California judgment, as modified by stipulation, to and including the payment of $30 due on January 11, 1943 were merged in the judgment of this court, heretofore described.

In addition thereto, there is now due and payable to plaintiff under the California judgment aforesaid, the sum of $510 representing monthly installments of $30 from February 11, 1943 to and including June 11, 1944.

It is therefore ordered, adjudged and decreed by the court, that the income from the trust estate created under paragraph "D" [2] of the will of Sidney E. Boyle in the sum of $250,000, be and the same is hereby declared to be subject to a lien in favor of plaintiff in the sum of $4003.22 with interest at the rate of 7% per annum from January 12, 1943 and the defendant Mississippi Valley Trust Company, trustee, is hereby directed to pay whatever sum or sums are now in its possession, or which shall hereafter come into its possession as income from such trust estate, to the clerk of this court in satisfaction in whole, or in part of said judgment, interest and costs.

It is further ordered, adjudged and decreed by the court, that upon the satisfaction of the judgment, interest and costs aforesaid, the defendant Mississippi Valley Trust Company, trustee, shall pay out of any income from the trust estate aforesaid, to the clerk of this court, the further sum of $510, the amount of the monthly installments due plaintiff under the California judgment, described aforesaid, from February 12, 1943 to and including June 11, 1944.

It is further ordered, adjudged and decreed by the court, that upon the satisfaction of the amounts aforesaid, the defendant Mississippi Valley Trust Company, trustee, shall, out of the income from the trust estate aforesaid, whenever the same shall be sufficient, pay to the plaintiff, or to the clerk of this court for her benefit, as it shall elect, on or before the eleventh day of each month, beginning July 11, 1944 until the further order of this court, the sum of $30 per month for the support and maintenance of the minor child of plaintiff and defendant Lloyd Boyle Howard, as pro-

vided by the California judgment, as modified by stipulation.

It is further ordered, adjudged and decreed by the court, that jurisdiction is retained for such further orders and decrees as may be necessary in the enforcement of this order.