## HOWARD et al. v. JENNINGS.

### No. 12938.

Circuit Court of Appeals, Eighth Circuit.

Dec. 20, 1944.

Rehearing Denied Jan. 8, 1945.

See also 141 F.2d 193.

G. T. Priest, of St. Louis, Mo. (Boyle & Priest, of St. Louis, Mo., on the brief), for appellants.

Frank L. Ramacciotti, of St. Louis, Mo. (Ira B. Burns, of Kansas City, Mo., on the brief), for appellee.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

This case was submitted to and decided by the trial court in favor of the plaintiff upon the pleadings. The defendants, who are the appellants here, are residents of Missouri, and appellee is a resident of California. Appellee was formerly the wife of appellant, Lloyd Boyle Howard, and one child was born of the marriage. Appellee obtained a decree of divorce from appellant Howard on October 11, 1934, in the Superior Court of the County of Los Angeles, State of California, awarding her the custody of their minor child, then six years of age, and the sum of $40 per month as alimony and maintenance for herself and their minor child. Thereafter, on October 5, 1942, the decree of the court was modified under stipulation of the parties in respect of the alimony and maintenance for the minor child, to provide that $40 per month for the

support and maintenance of said minor child should be paid from October 11, 1934, to April 11, 1936, and thereafter $30 per month until further order of the court. No part of such amounts was paid by appellant Howard and thereafter on April 5, 1943, in the District Court of the United States, within and for the Eastern District of Missouri, the appellee obtained judgment for $4003.22 with interest and costs, against the appellant Howard for the unpaid alimony and maintenance then due on the said California judgment. Execution was issued and delivered to the United States Marshal and returned nulla bona.

Sidney E. Boyle, a resident of the City of St. Louis, Missouri, who died in September, 1941, did by her last will and testament, set up two trusts in favor of the appellant Lloyd Boyle Howard. The will conveyed to the appellant Mississippi Valley Trust Company, a corporation, of the City of St. Louis, in trust for the said Lloyd Boyle Howard, the sum of $50,000 or its equivalent, in cash or other property. In paragraph "C" of the trust, it is provided that:

"During the continuance of the trust with respect thereto the beneficiary hereunder shall not have power to assign, pledge or otherwise transfer his interest or any part thereof in the trust estate, either principal or income, and any such assignment, pledge or transfer shall be void and of no effect; and no interest or right of the beneficiary hereunder in the trust estate, principal or income, shall be subject to garnishment, attachment or any other process based on or otherwise relating to any debt or liability of such beneficiary; nor shall any part of the principal or income of said trust fund be used or be subject to the payment of any claim or judgment for alimony, maintenance or support or otherwise that any present or future wife may have against said Lloyd Boyle Howard."

Under this trust the trustee was given the right to manage and invest the trust funds and to accumulate the income, and, in its discretion, to pay out or apply the principal and/or accumulated income for the sole welfare and benefit of Lloyd Boyle Howard.

The second trust (Paragraph "D") was in the sum of $250,000.00. It likewise required the trustee to manage, invest and re-invest the trust estate according to the powers set out in the trust, and to pay in as nearly equal monthly instalments as may be practicable, the entire net income derived therefrom to the said appellant Lloyd Boyle Howard during his natural life.

It also vested in the trustee the right to use any part of the principal for the benefit of Lloyd Boyle Howard in the event of illness, infirmity or other condition affecting the said Lloyd Boyle Howard, if, in the discretion of the trustee, such additional sum or sums shall be deemed reasonable and proper. It contained a provision which was in effect identical with paragraph "C" above set forth.

Upon the death of the appellant Lloyd Boyle Howard, the balance remaining in the trust was bequeathed to certain residuary legatees.

This action was brought by the appellee to establish an equitable lien upon the earnings of the trust estate from the commencement of this suit, and to enjoin the appellant Lloyd Boyle Howard from interfering with the payment of the judgment rendered in this court, and the future payments of $30 per month provided for in the California judgment, as modified by the stipulation between the appellee and the appellant Lloyd Boyle Howard.

Appellants filed answer alleging that appellee's complaint failed to state a claim upon which relief could be granted, and that the petition on its face showed that the appellee had an adequate remedy at law, and that the court was without jurisdiction to proceed in equity.

At the trial appellee cited Section 570, R.S.Mo.1939, Mo.R.S.A., which provides that,

"All restraints upon the rights of the cestui que trust to alienate or anticipate the income of any trust estate in the form of a spendthrift trust, or otherwise, and all attempts to withdraw said income of any trust estate from the claims of creditors of the cestui que trust, whether said restraints be by will or deed, now existing or in force, or, which may be hereafter executed in this state, be and the same are hereby declared null and void and of no effect, as against the claims of any wife, child or children, of said cestui que trust for support and maintenance, or, as against the claim of any said wife for alimony,"

and contended that this statute rendered null and void that provision of the trust providing that no part of the principal or income of said trust should be used for

the payment of any claims or judgments for alimony, maintenance or support. The appellants contended that this was a special statute, passed in aid of the collection of alimony and maintenance, and applied only to judgments, orders or decrees for alimony rendered by the courts of the State of Missouri.

The court held that section 570 R.S.Mo. 1939, Mo.R.S.A., was applicable to all trusts whether the cestui que trust's obligations for alimony or support and maintenance arose under the laws of Missouri, or the laws of another state, and that the provision of the trust attempting to prevent the payment of any part of the income therefrom, so far as the wife and children were concerned, was null and void, and the income from the trust estate under the provisions thereof, which was required to be paid to the beneficiary at regular intervals, could not be withheld on account of any provision of the testator's will from the satisfaction of the obligation of appellant Howard. It was not contended that appellee was entitled to a lien against the earnings of the $50,000 trust set out in paragraph "C" of the will of Sidney E. Boyle, because as to that the trustee was given sole discretion in paying income or principal to the beneficiary.

The court ordered that the income from the trust estate created under paragraph "D" of the will of Sidney E. Boyle be subject to a lien in favor of the appellee for $4003.22 and ordered appellant company to pay this sum out of any income available; it further ordered that upon satisfaction of the judgment aforesaid the appellant company pay out of any income of the aforesaid trust the further sum of $510, the instalments due appellee under the California judgment from February 12, 1943, to June 11, 1944; it further ordered that upon satisfaction of the amounts aforesaid appellant company shall, out of the income of the aforesaid trust, pay to the appellee, until further order of this court, the sum of $30 per month for the support and maintenance of the minor child, as provided by the California judgment.

The issue raised on this appeal is whether the statute which declares that all attempts to withdraw the income of a spendthrift trust from the claims of a child or wife of the cestui que trust for support or alimony shall be null and void as against such claims, is applicable where a foreign decree for divorce and alimony has been entered.

█ The question is one of statutory construction and must be decided on the basis of Missouri law. New York Life Ins. Co. v. Griesedieck, 8 Cir., 116 F.2d 559. The wording of the statute pertinent here is, "As against the claims of any wife, child or children, * * * or, as against the claim of any said wife for alimony." On its face, the wording plainly precludes limiting its benefit to domestic alimony and support decrees. Appellants base their main contention upon the case of Harrington v. Harrington, 233 Mo.App. 390, 121 S.W. 2d 291, 294, which holds that "statutes in aid of enforcement of decrees of divorce and alimony are applicable only to such decrees as are rendered by the courts of Missouri." The statute there involved provided that certain statutory exemptions should not be allowed in attachment or execution upon a judgment or order issued to enforce a decree for alimony. The court in that case quoted with approval the following from 1 R.C.L., 958:

"Owing to the fact that an action on a foreign decree for alimony is in theory for the enforcement of a debt of record, and not for compelling the payment of alimony as such, remedies of the local forum for the enforcement of the payment of alimony are not ordinarily available to enforce a foreign decree,"

and held that the statute barring exemption constituted a remedy not available to enforce a foreign decree.

Accepting this view of the Missouri law as laid down in the Harrington case, it does not follow that the statute in the instant case has no application to claims for alimony and support of an infant child under a foreign decree. This case is distinguishable from the Harrington case in that the statute here is not one purporting to provide a remedy for the collection of alimony, but is one which acts directly upon the trust instrument. It denies the power to a settlor to create a spendthrift trust valid against claims of wife and children for alimony and support. Because of this distinction, the Harrington case is no guide to the construction of the statute in the instant case.

Appellants have cited State ex rel. v. Wright, 251 Mo. 325, 158 S.W. 823, Ann. Cas.1915A, 588; In re Estate of Quirk, 257 Mo. 422, 165 S.W. 1062, 51 L.R.A.,N.S.,

817, and Estate of Hall, 337 Mo. 658, 85 S. W.2d 621, for the proposition that statutes of Missouri, unless the contrary appears in the statute, are operative only as to persons and things within the territorial jurisdiction of the state. The statute in State ex rel. v. Wright, supra [251 Mo. App. 325, 158 S.W. 824], required that "two of said election commissioners so appointed by the Governor shall be members of the leading party politically opposed to that to which the Governor belongs," and was construed to refer to political parties within the state and not to nation-wide parties, the court observing: "We conclude, then, that it is too clear for argument that by the 'leading party politically opposed to that to which the Governor belongs' is meant the 'leading party' in this state."

The statute in In re Estate of Quirk, supra [257 Mo. 422, 165 S.W. 1064], provided that "all property which shall pass by will, or by the intestate laws * * * except property conveyed for some educational, charitable or religious purpose exclusively * * *" shall be subject to collateral inheritance tax, and was construed to exempt only property conveyed for such purposes in Missouri. It was observed: "Presumptively the lawmakers in this case were looking after the interests of Missouri, and not legislating for *charities* in other states, and especially is this so when they were unloosing our own purse strings by this exemption clause. It means, if given the construction urged by the respondent, that a Missouri lawmaking body was releasing its hold upon a source of revenue for charities outside of the state. To give it that construction would, in effect, be to say that the lawmaking body was taking Missouri money to support foreign charities." The Hall case, supra, merely affirms and applies the ruling of the Quirk case, by its construction of a revision of the same inheritance tax statute.

We think the situations considered by the Missouri court in the cited cases were not analogous to that before us. The regulation of state election procedure and state inheritance taxation were peculiarly matters as to which there could be no presumption that the state intended to restrict its sovereignty on account of interests beyond its borders. But the statute here involved is directed to the protection equally and on the same footing of the child or children and of the wife of a cestui que trust named in a will or other instrument, and certainly the meandering of a state line between a father and his child has no effect on the relationship. The tie of their blood binds them and no one thinks of geography in connection with parental and filial bonds. Nor should an unnatural intention to discriminate between fathers of infant children be ascribed to the state legislature. By causing this humanitarian statute to operate by its express terms directly upon the trustor, the trust instrument and trust estate, it precludes the father denying his infant child its support wherever it may be. The wife being put on the same footing with the child must be accorded the same benefit of the statute. The construction placed upon the statute by the trial court is approved.

It remains to be determined whether the order to appellant trust company to pay out of the income of the trust estate the future instalments as they became due should be sustained. Under the Missouri law as shown by Harrington v. Harrington, supra, the full faith and credit clause of the United States Constitution, Art. 4, § 1, requires enforcement of the foreign alimony decree only to the extent that it is a final money judgment. Remedy at law having proved inadequate in the enforcement of that decree in Missouri, it was proper for the lower court to impose an equitable lien upon the trust income for the amount of accrued instalments as in the case of any money judgment. But it was improper to impose the lien for the purpose of compelling payment of unaccrued instalments as they came due, for the reason that such instalments as were not yet due remained subject to modification in the foreign court.[1] Thus the part of the decree pertaining to unaccrued instalments was not entitled to full faith and credit and was not enforceable under our view of the Missouri law.

The action of the lower court ordering appellant trust company to pay out of the income of the trust the sum of $30.00 per month for the maintenance and support of the minor child beginning July 11, 1944, until further order of that court is reversed.

That part of the decree subjecting the income from the trust estate to an equitable lien and ordering the trust company to pay therefrom the sum of $4003.22 with interest, and $510 accrued alimony, together with the costs of the suit, is affirmed.

---

[1] Cf. Barber v. Barber, 65 S.Ct. 137.