**Yvonne L. PARTNEY, Plaintiff-Appellant,**

v.

**Loren W. PARTNEY, Defendant-Respondent.**

No. 33363.

St. Louis Court of Appeals.

Missouri.

May 20, 1969.

Motion for Rehearing or to Transfer to the Supreme Court Denied June 13, 1969.

Application to Transfer Denied July 14, 1969.

Gerritzen & Gerritzen, St. Louis, for plaintiff-appellant.

Hale W. Brown, Kirkwood, for defendant-respondent.

WOLFE, Presiding Judge.

This is an action wherein the plaintiff-appellant sought to have the defendant-respondent held in contempt of court for failure to pay a balance owing on an award of alimony, support money for children and attorney's fees. The award was made in June of 1965 when she was awarded a decree of divorce from the defendant. The motion to hold the defendant in contempt was overruled and from that order the plaintiff prosecutes this appeal.

The decree of divorce bearing the date of June 10, 1965, provided that the plaintiff have the care and custody of four minor children born of the marriage. The defendant was to have visitation privileges. He was required by the decree to pay the plaintiff $60.00 a week for the support of the children, and $20.00 a week alimony. There was also an award to the plaintiff of $200.00 for attorney's fees.

On June 27, 1968, the plaintiff filed the following motion:

### "MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT

"Now comes plaintiff and states that on June 10, 1965, the Circuit Court of St. Louis County entered a decree of divorce for plaintiff, and in said decree, ordered defendant to pay plaintiff $20 alimony per week and $15 per week per child for child support for four minor children, totaling $60 a week child support plus an additional $200 attorney's fees, plus $20 per week for a period of fifty-two weeks.

"Plaintiff further stated that, commencing July 8, 1965, defendant fell behind in the amount of payments and from time to time has made only partial payments of the amounts due, and that up to and including the present time, there is an unpaid balance of $4,532.92 on alimony and child support and in addition, $150 of the $200 attorney's fees.

"That although repeated demands have been made on the defendant to make payment, he has repeatedly refused to do so and has defied plaintiff to compel him to pay, although he has been gainfully employed and able to pay.

"That said alimony and child support is direly needed by the plaintiff and defendant is in contempt of the Honorable Court and purposely and vindictively in refusing to comply with the court order.

"WHEREFORE, plaintiff hereby moves this Honorable Court to compel defendant to make said payments and to hold defendant in contempt of court, for failing and refusing to make said payments and that the court decree such punishment as to the court seems just under the circumstances."

The motion came on for hearing and the plaintiff offered to prove the allegations of her motion, but the trial court denied the offer of proof stating that it would assume that all of the allegations in the motion were true. So assuming, the trial court held that it was without authority to hold the defendant in contempt under the facts stated in the plaintiff's motion. It then overruled the motion and

plaintiff in due time appealed from that order of the court.

The appellant here asserts that the court erred in rejecting plaintiff's proof "* * * because alimony is not a mere debt under the constitutional prohibition of imprisonment for debt, but is a continuing, changeable, legal and moral obligation." The other point raised is that the court erred in refusing to permit the plaintiff "* * * to submit proof and in overruling her motion to hold defendant in contempt of court because under modern day public policy, it is necessary to compel fathers to support their wives and particularly, their children, * * *."

■ The thrust of appellant's argument on both points raised is that the courts of Missouri have erroneously held that an alimony judgment is nothing more than an order for the payment of money and that by reason of this one cannot be imprisoned for its non-payment. She contends that in so holding we are at variance with the overwhelming weight of authority elsewhere. Since our Constitution provides in Art. V, Sec. 2, V.A.M.S., that the decisions of the Missouri Supreme Court shall be controlling on all other courts, the examination of authorities in other states avails us nothing where our Supreme Court has decided the question under consideration. Gennari v. Prudential Insurance Company of America, Mo.App., 342 S.W.2d 355, l.c. 361[5]; Lee Holding Company v. Wentzville Oil Company, Mo.App., 409 S.W.2d 210, l.c. 213[4]; Harris v. Goggins, Mo.App., 363 S.W.2d 717, l.c. 737[18].

■ Over one hundred years ago, in Coughlin v. Ehlert, 39 Mo. 285, l.c. 287, the Supreme Court of Missouri had before it a defendant who had been adjudged in contempt of court and committed to jail by the Circuit Court which had awarded an alimony judgment against him and which he had not paid. Coughlin sought relief by writ of habeas corpus and the Supreme Court in discharging him from custody said: "An order for the payment of alimony is simply an order for the payment of money. Imprisonment for debt is abolished in this State. We think this was an imprisonment for debt only, and the commitment was without authority of law."

This has remained the law in Missouri since that time. Art. I, Sec. 2, of the Constitution of Missouri bars imprisonment for debt except for the non-payment of fines and penalties imposed by law. The Supreme Court has held the award of alimony to be the same as any other judgment for money again, in Nelson v. Nelson, 282 Mo. 412, 221 S.W. 1066, l.c. 1069[7]. Every court of appeals in the state has so held: Ex parte Kinsolving, 135 Mo.App. 631, 116 S.W. 1068, St. Louis Court of Appeals; Harrington v. Harrington, 233 Mo.App. 390, 121 S.W.2d 291, Kansas City Court of Appeals; Davis v. Broughton, 382 S.W.2d 219, Springfield Court of Appeals.

The appellant urges us to give no weight to the above cases because in the instant case part of the sum on which the defendant was in arrears was the award to her for the support of their children. We cannot make the distinction sought. In Sisco v. Sisco, Mo.App., 339 S.W.2d 283, l.c. 287[2], we stated: "* * * Both alimony and maintenance awards have repeatedly been held to have the incidents of money judgments in actions at law. The same rule applies to both when an action to enforce their collection * * * is concerned, * * *." Mayes v. Mayes, 342 Mo. 401, 116 S.W.2d 1, l.c. 5[9].

For these reasons we affirm the order of the trial court overruling the appellant's motion to hold the defendant in contempt of court.

BRADY and DOWD, JJ., concur.